[Civ. No. 34093. Fourth Dist., Div. Three. Sept. 28, 1984.]

GEORGE P. TIELSCH, Plaintiff and Appellant, v.
CITY OF ANAHEIM et al., Defendants and Respondents.

COUNSEL

Banks, Leviton, Drass & Kelsey and Seth J. Kelsey for Plaintiff and Appellant.

William P. Hopkins, City Attorney, Robert O. Franks, Assistant City Attorney, and Louis L. Selby, Deputy City Attorney, for Defendants and Respondents.

OPINION

**CROSBY, J.**—In the previous episode, we upheld the superior court's denial of George P. Tielsch's petition for extraordinary relief because it was premature and brought under the wrong code section. While that appeal was pending, Tielsch petitioned anew, this time pursuant to the proper statute—Code of Civil Procedure section 1094.5 et seq.; but now he has acted too late. Tielsch filed his petition 93 days after the city denied his retirement application, and Anaheim obtained summary judgment based on the 90-day limitation period of section 1094.6.[1] Because he was notified of the city's

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated. Section 1094.6 provides, "(a) Judicial review of any decision of a local agency . . . may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section. [¶] (b) Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final. If there is no provision for reconsideration of the decision in any applicable provision of any statute, charter, or rule, for the purposes of this section, the decision is final on the date it is made. . . ."

action by mail, Tielsch argues section 1013, subdivision (a) automatically extended the period within which he could petition for writ of mandate by five days.[2] We disagree.

## I

Pursuant to Government Code sections 21024 and 21034, the city manager determined Tielsch, the former chief of police, was not eligible for disability retirement. The decision was made on March 23, 1983, and he notified Tielsch by certified mail, return receipt requested. As required by section 1094.6, subdivision (f), the letter warned that the time to petition for judicial review was governed by section 1094.6. The letter was dated March 23, 1983, but the postmark on the envelope bore the date March 24.[3] Tielsch finally petitioned the superior court on June 24, 1983, 93 days after denial of his application.

## II

■ Whether section 1013 applies to petitions filed pursuant to section 1094.6 appears to be a question of first impression.[4] For reasons which follow, we have concluded section 1094.6 is a procedural statute of limitations and consequently jurisdictional. (See *Foster* v. *Civil Service Comm.* (1983) 142 Cal.App.3d 444, 452 [190 Cal.Rptr. 893].) It is reasonably well settled that section 1013 does not extend statutes of limitations. For example, it has been held inapplicable to lengthen the 20-day period to request trial de novo after an arbitration award is filed (*Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240 [152 Cal.Rptr. 398]), the 6 months allowed to

---

[2]Section 1013, subdivision (a) provides, "In case of service by mail . . . [t]he service is complete at the time of deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California . . . ."

[3]Tielsch devotes a considerable portion of his brief to the one day discrepancy. It is of no significance in this case, however; the petition was untimely whether the notice was mailed on the 23rd or the 24th. Tielsch concedes his counsel received the notice on March 28th.

[4]A dictum in *California Accounts, Inc.* v. *Superior Court* (1975) 50 Cal.App.3d 483 [123 Cal.Rptr. 304] states section 1013 "extends the statutory time for filing a petition for administrative mandamus pursuant to Code of Civil Procedure section 1094.5 where notice of the administrative action is served by mail." (*Id.,* at p. 486.) But in the case cited for that proposition, *Sinclair* v. *Baker* (1963) 219 Cal.App.2d 817 [33 Cal.Rptr. 522], the petition for writ of mandate was filed pursuant to Government Code section 19630, not section 1094.5. (*Id.,* at p. 821.) Moreover, the decision was rendered before section 1094.6 was enacted.

file an action against a public entity after a claim for damages is rejected (*Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146]), or the 60 days provided for a trial court to grant a motion for new trial (*Meskell* v. *Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815 [96 Cal.Rptr. 773]).

The rationale for these decisions was clearly expressed in *Meskell*: "Section 1013 . . . deals solely with the extension of a party's time to act, and does not purport to extend the jurisdiction of the agency whose power to act is fixed within definite limits not dependent upon the acts of the parties. [Citation.]" (*Id.*, at p. 823.) Simply stated, the court has no jurisdiction to entertain section 1094.6 petitions unless they are filed on or before the 90th day after the local agency's decision. This interpretation is buttressed by subdivision (g) of section 1094.6, which provides, "the provisions of this section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter . . . ."

*Fritts* v. *County of Kern* (1982) 135 Cal.App.3d 303 [185 Cal.Rptr. 212] reaches the same result for another reason. There the question was whether section 1013 extended the 30-day period to file a complaint against a public entity after the trial court has waived the claim filing requirement (Gov. Code, § 946.6). The court concluded, "Since [the statute] does not require mailed notice . . . section 1013 is not applicable." (*Id.*, at p. 308.) Section 1094.6 does not require mailed notice. Thus, under *Fritts* it is of no consequence that notice was in fact served by mail: Unless the statute explicitly provides for mailed notice, section 1013 does not apply.

Another variation of the same theme is found in *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581 [189 Cal.Rptr. 632]. There, the Agricultural Labor Relations Board found petitioner guilty of unfair labor practices. The decision was made on December 15, 1982, and the order was mailed to the petitioner the same day. Labor Code section 1160.8 provides a petition for writ of review shall be filed "within 30 days from the date of the issuance of the board's order."

Saikhon petitioned the court of appeal on the 33rd day after the order was made, however. Division One of this court held the filing untimely and rejected the contention that section 1013, subdivision (a) was applicable. The court noted section 1013, subdivision (a) did not extend the time to petition for judicial review because "issuance" of the board's decision was not synonymous with "service." (*Id.*, at p. 583.) Section 1094.6, subdivision (b) is similarly worded and requires a petition for judicial review of an

adjudicatory action by a local agency to be filed "not later than the 90th day following the date on which the decision becomes final." With exceptions not pertinent here, the decision is final when made.

Section 1094.6 and Labor Code section 1160.8, which peg the time to file a petition to the date of decision rather than the date of service, are to be contrasted with the statute considered in *Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824], where the Court of Appeal determined section 1013 applies to petitions for writs of mandate filed pursuant to section 418.10. Section 418.10, subdivision (c) provides, "the defendant, within 10 days *after service upon him of a written notice* of entry of an order of the court denying his motion . . . may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons . . . ." (Italics added.) If the Legislature intended the time to run from the date of service of the notice instead of the date of decision, it could have so provided. Since it did not and in view of the language of subdivision (g), we are persuaded that section 1013 was not intended to apply to section 1094.6 petitions.

Tielsch principally relies on *Pesce* v. *Dept. of Alcoholic Bev. Control* (1958) 51 Cal.2d 310 [333 P.2d 15], but that case is readily distinguishable. There the Supreme Court determined section 1013, subdivision (a) applied to former section 23081 of the Business and Professions Code. As in *Shearer,* the statute in question calculated the time to appeal a department decision from the date the parties were served with the decision, not the date it was made. Additionally, section 25760 of the Business and Professions Code expressly provides for the application of section 1013: "If made by mail, service shall be made in the manner prescribed by Section 1013 . . . ." Section 1013 also explicitly applies to the legislative provision considered in another recent case raised by Tielsch (see *Villa* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076 [203 Cal.Rptr. 26] [§ 1013, subd. (a) extends the 45-day period to seek a writ of review from an order of the Workers' Compensation Appeals Board].) Again, the Legislature could easily have incorporated the provisions of section 1013, subdivision (a) into section 1094.6. It did not, however; Tielsch's reliance on the *Shearer* and *Pesce* line of cases is consequently unavailing.

Harsh as the result may be, the conclusion that section 1013 does not apply in this situation is, in our view, inescapable. Section 1094.6 simply does not lend itself to the interpretation urged by Tielsch. Although the bench and bar would undoubtedly welcome a statute that would universally extend time whenever notices are mailed in place of the dangerous duality of the current system, that change must come from the Legislature, not the courts.

Judgment affirmed. Respondents shall recover their costs on appeal.

Wallin, Acting P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied October 16, 1984, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1984. Bird, C. J., was of the opinion that the petition should be granted.