[No. H006381. Sixth Dist. Sept. 26, 1990.]

DANIEL FRANCIS ELLIOTT, JR., Plaintiff and Appellant, v. CONTRACTORS' STATE LICENSE BOARD, Defendant and Respondent.

COUNSEL

M. Jean Starcevich for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Wilbert E. Bennett and John E. Barsell, Deputy Attorneys General, for Defendant and Respondent.

OPINION

COTTLE, J.—Daniel Francis Elliott, Jr., appeals from a judgment of the Santa Clara County Superior Court denying a writ of mandate to review an administrative decision. (Code Civ. Proc., § 1094.5.) The petition asked the court to set aside the revocation of appellant's contractor's license. The court denied the writ on the grounds that (1) the petition was not filed within the applicable statute of limitations; (2) Elliott had "unclean hands," in that he was then contracting without a license and had obtained his prior license by fraud; and (3) the petition failed to state a cause of action because the registrar of contractors was not named as a party. Appellant challenges the denial of the writ on each of the grounds asserted by the trial court. Additionally, appellant challenges the findings made and the penalty imposed by the administrative law judge. Because the petition was not filed within the statutory time limit and because the trial court correctly applied

the doctrine of unclean hands, we affirm the judgment. We do not reach the merits of the license revocation and penalty determination.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 1986 appellant was a roofing contractor doing business as Dan Elliott Roofing. He had obtained his first roofing contractor's license, number 338626, in 1979 while doing business as Dance Roofing Company. That license expired on April 30, 1982. In January 1982 Dan Elliott, Inc., doing business as Dance Roofing Company, was issued license number 416501. License number 416501 was suspended on January 11, 1987, due to the failure of Dan Elliott, Inc., to post the contractor's bond required by statute. In October 1986, appellant, doing business as Dan Elliott Roofing, was issued license number 500298. Revocation of the latter license is the subject of these proceedings.

During August 1986 a homeowner, Aldo Bacigalupo, received in the mail a flier advertising the services of Dance Roofing Company. The flier, which listed license number 388626 [*sic*], stated that "Dan Elliott Roofing" had been serving the San Jose area since 1979.

Mr. Bacigalupo contacted Dan Elliott Roofing. One of appellant's employees met with Mr. Bacigalupo and issued a bid to reroof his home. On August 27, 1986, work began despite the fact that appellant had neither provided Mr. Bacigalupo with a written contract nor obtained the necessary permit. Appellant eventually obtained the permit. On September 3, 1986, Mr. Bacigalupo expressed extreme dissatisfaction with the work and terminated Dan Elliott Roofing. He filed a small claims action against appellant seeking amounts he spent in completing the roofing job. Appellant satisfied the ensuing judgment against him. Mr. Bacigalupo also caused the initiation of proceedings against appellant's license before respondent Contractors' State License Board.

Following hearings held in November 1988, the administrative law judge filed a proposed decision revoking appellant's license on the grounds that he had violated Business and Professions Code sections 7115, 7028, 7161, and 7026.7 (by false advertising and contracting without a valid license), 7154 and 7159 (by employing a nonregistered salesperson and failing to provide a homeowner with a proper home improvement contract), and 7111 (by failing to keep and produce proper records). On January 6, 1989, the registrar of contractors adopted the order of the administrative law judge. The registrar's decision became effective on February 5, 1989.

On May 18, 1989, appellant filed a petition for a writ of mandate to set aside the revocation of his license, naming as respondent the Contractors'

State License Board. Respondent filed its answer on June 28, 1989. The answer included an allegation that appellant obtained his license on the basis of fraudulent representations concerning earlier unpaid debts as a contractor and prior disciplinary action. Appellant did not file a responsive pleading.

On August 25, 1989, the trial court denied the writ, and appellant filed a timely appeal. Appellant unsuccessfully sought a writ of supersedeas to stay enforcement of the trial court's judgment.

## DISCUSSION

### 1. *Statute of Limitations*

The time within which appellant was required to file his petition for a writ of mandate to challenge the revocation of his license is determined by Government Code sections 11521 and 11523. (Bus. & Prof. Code, § 7091.) Under Government Code section 11521, the registrar's power to order reconsideration of its decision expired on February 5, 1989, when the decision became effective. (Gov. Code, § 11521, subd. (a).) Under Government Code section 11523, appellant then had 30 days from the effective date of the decision within which to petition for judicial review. The last day on which he could seek judicial review was, therefore, March 7, 1989. He filed his petition on May 18, 1989, more than two months later.

■ The time within which a party must institute judicial review of administrative action is generally held to be jurisdictional. (*Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576, 578 [206 Cal.Rptr. 740]; *United Farm Workers* v. *Agricultural Labor Relations Board* (1977) 74 Cal.App.3d 347, 350 [141 Cal.Rptr. 437]; but see *Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524 [39 Cal.Rptr. 377, 393 P.2d 689].) Appellant does not argue otherwise.

■ Instead, appellant urges that the trial court erred in not holding that respondent was estopped to assert the statute of limitations. In support of this contention, appellant points out that he is not an attorney; that almost immediately after he received the registrar's decision, he wrote to respondent, stating he wished to appeal the decision and needed information about procedures and forms in order to do so; that he wrote to the administrative law judge to seek clarification of her order; and that he received no reply either from the administrative law judge or from respondent.[1]

---

[1] Observing that the declarations containing these facts were never offered or received into evidence, respondent implicitly invites us to dispose of the estoppel argument in summary fashion. We note, however, that the declarations were attached to appellant's memorandum of points and authorities filed in opposition to respondent's affirmative defense based on the

A defendant is estopped to assert the statute of limitations if its conduct caused the plaintiff to delay filing the action. (*Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791, 795 [176 Cal.Rptr. 214].) Some affirmative misleading conduct on the part of the agency appears necessary to support a finding of estoppel. (See *Sinetos* v. *Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1177 [207 Cal.Rptr. 207].) Because respondent neither owed nor assumed a duty to advise appellant of his rights, its inaction could not reasonably have lulled appellant into a sense of security that prevented him from filing his petition before the running of the statute of limitations. It cannot be said that by ignoring appellant's request for information respondent took unfair advantage of appellant, estopping it to raise the defense of statute of limitations.

■ Alternatively, appellant asks us to view his late filing as a mere technical noncompliance with the statute of limitations. Appellant argues that by sending respondent a letter, well within the limitations period, advising it of his intent to appeal the registrar's decision, he made an attempt to exercise his rights of appeal sufficient to avoid the bar of limitations.

Under certain circumstances, technical noncompliance with *nonjurisdictional* filing requirements will not cause a petition to be deemed untimely filed. In *United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912 [210 Cal.Rptr. 453, 694 P.2d 138], a petition for a writ of review was submitted to the clerk's office of the court of appeal on the last day for filing. A deputy clerk stamped the petition "received," but returned it to the petitioner for lack of verification. A verified petition was then filed three days after the last day for filing. The California Supreme Court held that the petition was timely filed, since filing—for purposes of the statute of limitations—means actual delivery to the clerk at his or her place of business during office hours. (*Id.* at p. 918.) The clerk's rejection of the petition for a technical defect could not, the court reasoned, undo a filing that had already occurred. (*Ibid.*) The court distinguished several cases that had strictly applied the statute of limitations. In none of those cases, the court noted, was a petition timely submitted; all involved attempts to extend the deadline. (*United Farm Workers of America, supra,* 37 Cal.3d at 916-917; see, e.g., *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *United Farm Workers* v. *Agricultural Labor Relations Board, supra,* 74 Cal.App.3d at p. 350.)

Unlike the petitioner in *United Farm Workers,* appellant did not actually file his petition within the period of limitations. Instead, he filed it more

---

statute of limitations. Thus the declarations were before the trial court, and we may properly consider their contents.

than two months after the running of the limitations period. Late filing is not the same as technical noncompliance.

The trial court correctly denied the petition as untimely filed.

### 2. *Unclean Hands as Alternative Ground of Revocation*

As an alternative basis for its denial of the writ, the trial court found that appellant had "unclean hands" warranting revocation of his license. The trial court found both that appellant had obtained his license by fraud and that he was, as of the time of trial, contracting with an expired license in violation of Business and Professions Code section 7028. Appellant contends both findings are erroneous.

Based on our review of the augmented record, we believe the "unclean hands" finding could not be sustained solely on the basis that appellant was contracting without a license. Respondent's answer did not allege that appellant was contracting without a license; the issue seems to have been raised for the first time at the hearing. As we read the record, counsel for appellant did not concede that appellant was practicing as an unlicensed contractor at the time of the hearing, and in fact submitted to the trial court documents refuting the suggestion. Under the circumstances, the trial court would not have acted within its discretion had it denied the petition solely on respondent's representation that appellant was engaging in unlicensed practice at the time of trial.

█ Nevertheless, the trial court correctly found that appellant lacked clean hands, since he failed either to file a replication or to submit proof countervailing respondent's affirmative defense that he had obtained his license fraudulently. Factual allegations in an answer to a petition for a writ of mandate must be countervailed by proof at trial or by replication, or they are taken as true. (Code Civ. Proc., § 1091; *Hunt* v. *Mayor & Council of Riverside* (1948) 31 Cal.2d 619, 623 [191 P.2d 426].)

Appellant argues that the allegations of the answer cannot constitute evidence because they were unverified. We disagree. A pleading by the state or a subdivision of the state need not be verified. (Code Civ. Proc., § 446.) The allegations were not legally incompetent merely because they were unverified. Appellant cites *Central Bank* v. *Superior Court* (1978) 81 Cal.App.3d 592 [146 Cal.Rptr. 503] for the proposition that an unverified answer is insufficient to deny the allegations of a verified petition. However, the respondent in *Central Bank* was an individual, not the state or a subdivision of the state. (*Id.* at pp. 596, 600.) Appellant also notes that verification on information and belief is inadequate to support a petition,

citing *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 204-205 [151 Cal.Rptr. 721]. The pleader in *Star Motor Imports*, as in *Central Bank*, was an individual rather than the state or one of its subdivisions. (*Id*. at pp. 204-205.) Appellant also cites *May* v. *Board of Directors* (1949) 34 Cal.2d 125 [208 P.2d 661], but *May* does not assist him. In *May*, the respondent board of a water district denied the allegations of a petition in mandamus proceedings by alleging it had no knowledge or information sufficient to enable it to answer. (*Id*. at p. 127.) The California Supreme Court held that form of denial was inadequate to put the denied fact in issue. (*Ibid.*)

No case appellant cites, therefore, dictates rejection of respondent's unverified affirmative defense based on the allegation of fraudulent license application.

■  Appellant contends that even if the allegation were true, it could not establish unclean hands so as to preclude him from overturning his license revocation stemming from the Bacigalupo incident. We cannot agree. Although the defense of unclean hands is unavailable when the wrongdoing is unrelated to the matter before the court (*Pepper* v. *Superior Court* (1977) 76 Cal.App.3d 252, 259-260 [142 Cal.Rptr. 759]; *McCarthy* v. *City of Oakland* (1943) 60 Cal.App.2d 546, 552 [141 P.2d 4]), the allegations of fraud in appellant's license application were not too tenuously connected to the disciplinary proceeding initiated by Mr. Bacigalupo to be raised in an affirmative defense to the petition. The Contractors' State License Law was enacted to protect the public against dishonesty and incompetence in the business of contracting (*Lewis & Queen* v. *N. M. Ball Sons* (1957) 48 Cal.2d 141, 149-150 [308 P.2d 713]; *Rushing* v. *Powell* (1976) 61 Cal.App.3d 597, 604-605 [130 Cal.Rptr. 110]), and an applicant's misrepresentation of a material fact in obtaining a license is cause for disciplinary action. (Bus. & Prof. Code, § 7112.) The ultimate issue before the trial court was whether appellant's contractor's license, then revoked, should be restored. Public policy thus supported consideration of the allegation of fraudulent license application in the mandamus proceedings. Appellant cites no authority that would demand initiation of separate disciplinary proceedings to determine the truth of the fraud allegations, and we find none.

Like the trial court, we find this case analogous to *Wallace* v. *Board of Education* (1944) 63 Cal.App.2d 611, 617 [147 P.2d 8], which denied a writ of mandate to compel reinstatement of a petitioner to his job following his mandatory retirement due to age. The petitioner in *Wallace* alleged that he had lied on his employment application, and that he was actually four years younger than he had represented. The court denied the writ for want of clean hands. (*Ibid.*) Similarly, appellant's misrepresentations in his license

application were properly considered in the revocation proceedings set in motion by the Bacigalupo incident.

### 3. *Failure to Name Registrar of Contractors as Respondent*

Appellant argues that the trial court erred in holding that his petition failed to state a cause of action because it did not name the registrar of contractors as respondent. Generally, a petition for a writ of mandate should name as respondent the decisionmaking authority of the agency. (Cal. Administrative Mandamus (Cont.Ed.Bar 2d ed. 1989) § 6.4, p. 229.) The registrar of contractors is empowered to investigate the actions of any contractor in California and to take disciplinary action. (Bus. & Prof. Code, § 7095.) The Contractors' State License Board has the discretion to review and sustain or reverse any action or decision of the registrar. (Bus. & Prof. Code, § 7013.) In this case, the board did not exercise its discretion to review the registrar's decision. Therefore, the better practice would have been to name the registrar of contractors as respondent. Because the alternative defenses of the statute of limitations and unclean hands are dispositive of this appeal, we need not consider whether the failure to name the registrar would have been a sufficient reason, standing alone, to deny the writ.

### DISPOSITION

The judgment is affirmed.

Agliano, P. J., and Bamattre-Manoukian, J., concurred.