TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 92-1209 |
| of | : | |
| | : | MAY 4, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

---

WILLIAM C. VICKREY, DIRECTOR, ADMINISTRATIVE OFFICE OF THE COURTS, has requested an opinion on the following questions:

1.     May a court clerk's office be closed to the public on days other than court holidays or for certain hours less than an entire day?

2.     Would the use of a drop box for the receipt and filing of court papers cause a court clerk's office to be "open" for judicial business?

CONCLUSIONS

1.     A court clerk's office may not be closed to the public on days other than court holidays.  A clerk's office may, however, be closed to the public for certain hours of each business day.

2.     The use of a drop box for the receipt and filing of court papers would not cause a court clerk's office to be "open" for judicial business.

ANALYSIS

The question whether a court clerk's office may be closed to the public for a full day other than statutorily designated court holidays was addressed in 57 Ops.Cal.Atty.Gen. 641 (1974). We are now asked whether our prior opinion is still viable, in light of subsequent changes in the law. We conclude that our prior opinion no longer reflects current law.

In our 1974 opinion, we concluded:

"A review of the statutes discloses that the law provides (1) days when courts must close (2) days when they must be open, but does not state one way or the other days

when they <u>may</u> close at the option of the judges." (57 Ops.Cal.Atty.Gen., *supra*, 643.)

Essential to our conclusion were the premises that (1) under Government Code section 24261, superior court judges may establish rules and hours for the dispatch of official business and (2) municipal and justice court judges have similar implied powers. From these premises we concluded that the power of judges to designate hours of work also constituted a grant of authority to specify *no hours*. (*Id*., at pp. 645-646.)

Absent a change in the statutory scheme, it would follow that the judges of a court may close the clerk's office to the public on nonjudicial holidays, i.e., the power to designate hours constitutes the power to designate no hours. However, in 1985 sections 133-136 of the Code of Civil Procedure were repealed and reenacted (Stats 1985, ch. 1450), and we believe that they now preclude such a result. The key statute is section 135, which provides:

"Every full day designated as a holiday by Section 6700 of the Government Code, including that Thursday of November declared by the President to be Thanksgiving Day, is a judicial holiday, except September 9, known as `Admission Day,' and any other day appointed by the President, but not by the Governor, for a public fast, thanksgiving, or holiday. If a judicial holiday falls on a Saturday or a Sunday, the Judicial Council may designated an alternative day for observance of the holiday. Every Saturday and the day after Thanksgiving Day is a judicial holiday. Officers and employees of the courts shall observe only the judicial holidays established pursuant to this section."

The repeal and reenactment of Code of Civil Procedure sections 133-136 was at the behest of the Judicial Court of California to promote uniformity in court closings. The Judicial Council's 1984 Annual Report stated:

"The statutes do not specify when courts must be open or may elect to be closed; . . .

"Because of lack of uniformity in judicial holiday legislation, computations of time in which to perform acts required by law may suffer from miscalculations, leading to inadvertent prejudice in both civil and criminal matters." (Id., at p. 59.)

It is evident that the 1985 legislation was to preclude the results sanctioned by our 1974 opinion, that is, that local judges could in effect designate local judicial holidays. The last sentence of Code of Civil Procedure section 135, added by the 1985 legislation, conclusively declares: "Officers and employees of the courts shall observe only the judicial holidays established pursuant to this section." Accordingly, it follows that court clerks assigned to the clerk's office are required to be present and open for business every day except judicial holidays. The governing principle of statutory construction is: "We presume the Legislature intends to change the meaning of a law when it alters the statutory language . . . . " (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 461.)

However, this conclusion does not necessarily require the clerk's office to be open for the entire day. Section 24261 of the Government Code (relied upon in our 1974 opinion) still provides that "the judges of the superior court shall . . . establish rules and hours for the dispatch of official business." And as noted in 57 Ops.Cal.Atty.Gen. 641, *supra*, municipal and justice court judges have similar implied powers.

Under the provisions of Government Code section 24261, then, the judges of a court may designate the particular hours of each day during which the clerk's office will be closed to the public, as long as the office remains open during other times of the day as required by Code of Civil Procedure section 135. We apply the rule of construction: "Statutes in pari materia should be construed together." (*Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 744.)

The second question presented for resolution herein is whether the use of a drop box provided for the receipt and filing of court papers would cause the clerk's office to be "open" for judicial business. As we view this question, it essentially asks whether the ability of persons to place a document in a drop box on a day when the clerk's office is physically closed to the public *for the entire day* would mean that the office was in fact open for business. We conclude that it would not.

The filing of a court document requires "actual delivery of the [document] to the clerk at his place of business during offices hours." (*United Farm Workers of America v. Agricultural Labor Relations Board* (1985) 37 Cal.3d 912, 918; see *People v. Slobodion* (1947) 30 Cal.2d 362, 367; *Elliott v. Contractors' State License Board* (1990) 224 Cal.App.3d 1048, 1053; compare *Freeman v. Giacomo Costa Fu Andrea* (E.D. Pa. 1968) 282 F.Supp. 525.)[1] If actual delivery to the clerk does not occur during office hours, the document is not considered filed.[2] Hence, the ability to place a court document in a drop box while the office is otherwise closed is without legal significance for purposes of filing the document. Accordingly, we fail to see how such use of a drop box would cause the office to be "open" for business.

Support for our conclusion may be found in recent legislation applicable to San Bernardino County. In 1992 the Legislature enacted Government Code section 69910, allowing the closure of courts on "furlough days" in San Bernardino County, as long as the courts "permit documents to be filed at a drop box . . . ." If employing a drop box means that a clerk's office is open for business, the specific requirement of Government Code section 69910 concerning the filing of documents at a drop box would be unnecessary. "Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (*Dix* v. *Superior Court, supra*, 53 Cal.3d at p. 459.)

Although we conclude that the use of a drop box would not cause a clerk's office to be open for business on a day when it is physically closed to the public, we see no reason why a drop box may not be placed within the clerk's office for filings when the office *is* open. Such use would permit the clerk to perform duties other than "counter-service," as well as possibly facilitate the court filings, and thus decrease the clerk's workload. The clerk would still, however, be required to process the documents as being filed on the day they are deposited in the drop box. In short, we believe such a limited use of a drop box would meet the legal mandate that "filing" means actual delivery of the document to the clerk at his or her place of business during working hours.

---

[1]The federal cases on filing are more flexible under a federal statutory requirement that the courts be open *at all times*.

[2]Various rules apply concerning the computation of time in which an act provided by law, including the filing of papers, is to be done. (See, Code Civ. Proc., §§ 10-13b.) The application of these provisions is beyond the scope of this opinion.

Accordingly, as to the second question, we conclude that the use of a drop box for the receipt and filing of court papers would not cause a court clerk's office to be open for judicial business if it is otherwise physically closed for business for the entire day.

* * * * *