Filed 5/18/16  Ottovich v. City of Fremont CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HARVEY OTTOVICH, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> CITY OF FREMONT, <br><br>     Defendant and Respondent. | A140404 <br><br> (Alameda County <br> Super. Ct. No. RG13683532) |

    Following an administrative hearing regarding various municipal code violations, appellants Harvey Ottovich and Mark Ottovich were ordered to remedy the nuisances on two adjacent real properties[1] they owned in the City of Fremont ("City").  Appellants then petitioned for writ of administrative mandate against the City.  The City demurred on the ground the petition was barred by the statute of limitations set out in Code of Civil Procedure[2] section 1094.6 and the demurrer was sustained without leave to amend.

    On appeal, appellants contend section 1094.6 is not a jurisdictional bar to their petition as that section does not specifically preclude tolling or estoppel.  They claim they alleged facts, namely the "unclean hands" of the City, which constituted grounds for either tolling the statute of limitations or estopping the City from asserting a statute of limitations defense.  We affirm.

---

[1]     One of the properties has since been sold.

[2]     All further undesignated statutory references are to the Code of Civil Procedure.

# I. BACKGROUND

In July 2012, appellants owned two adjoining properties in Fremont, 37255 Mission Boulevard, a multi-unit rental property (Rental Property), and 37231 Mission Boulevard, the primary residence of appellant Mark Ottovich (Residential Property). On July 20, 2012, a City code enforcement officer posted a Notice and Order to Correct Nuisance on all units at the Rental Property (Notice 1). Notice 1 stated that repairs and extensive construction had been completed on the Rental Property without the requisite permits and that such improvements were not in compliance with various building code standards. The City posted a Notice to Vacate on the units on the Rental Property, specifying that the structures be vacated by July 30, 2012.

While posting the notices on the Rental Property, the code enforcement officer and a building official noticed additional municipal code violations on the adjacent Residential Property. These violations included an unsafe and non-code compliant electrical system, severe dilapidation, a missing guard rail on the second story balcony, an improper landing at the rear exit door, lack of required garbage service, excessive storage of non-operational vehicles, and habitation in a motor home. The code enforcement officer mailed and posted Notice 2 on July 27, 2012.

On July 23, 2012, appellants filed an appeal with the City clerk. Although the appeal did not specify the property notice at issue, the City sought to give appellants the broadest coverage and treated the appeal as applying to both properties and both notices.

The hearing was originally set for August 14, 2012. (See Fremont Mun. Code § 8.60.130.) At appellants' request, the hearing was continued several times. After a failed settlement attempt and two separate withdrawals by appellants' counsel, the matter proceeded to hearing on November 14, 2012. Appellant Mark Ottovich appeared at the hearing and left before the presentation of evidence. The hearing proceeded with the City presenting its case.

On January 18, 2013, the hearing officer signed and mailed her written decision (Decision). The Decision notified appellants that any appeal to the superior court must be filed no later than 90 calendar days from the mailing of the Decision. Thereafter,

2

appellants filed a petition for writ of administrative mandate (§ 1094.5) on June 13, 2013, 146 days after the Decision was mailed. In the petition, appellants alleged that the Decision was invalid because it was issued more than 10 days after the close of the administrative hearing in violation of Fremont Municipal Code section 8.60.150, subdivision (b)(5) ("The statement of decision shall be completed and mailed to the parties no later than 10 calendar days after close of the hearing . . . .")

The City demurred to appellants' petition, arguing it was time-barred pursuant to section 1094.6 because it was not filed within 90 days after the hearing officer's Decision, or by April 18, 2013. In opposition, appellants argued that the City should be estopped from asserting a statute of limitations defense because the hearing officer committed misconduct by issuing a late ruling in violation of the 10-day period set forth in Fremont Municipal Code section 8.60.150, subdivision (b)(5). The trial court granted the demurrer without leave to amend on the grounds that the petition was untimely. In so ruling, the court, citing, *Tielsch v. City of Anaheim* (1984) 160 Cal.App.3d 576, 578 (*Tielsch*) held that section 1094.6 "is a procedural statute of limitations and consequentially jurisdictional. . . . Moreover, even if tolling and/or estoppel could be applied here, Petitioners have not demonstrated how they would allege such facts in support." The trial court dismissed the petition and the instant appeal followed.

## II. DISCUSSION

### A. *Standard of Review*

"Issues of statutory interpretation are questions of law subject to our independent or de novo review. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432; see *California Veterinary Medical Assn. v. City of West Hollywood* (2007) 152 Cal.App.4th 536, 546.) We are guided by well-established principles of statutory construction. Our fundamental task is to ascertain the Legislature's intent and thereby effectuate the purpose of the statute. (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1147; *Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.) 'We begin with the statutory language because it is generally the most reliable indication of legislative intent.' (*Miklosy v. Regents of*

3

*University of California* (2008) 44 Cal.4th 876, 888.) 'If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272; see also *Smith* [*v. Superior Court, supra*]*,* at p. 83.)

"Further, in construing section 1094.6, 'we are mindful that it is a procedural limitations provision and, consequently, jurisdictional.' (*Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1103.) Although statutes of limitations in general serve to prevent the assertion of stale claims that would be difficult to defend because of the passage of time, such technical defenses 'should be strictly construed to avoid the forfeiture of a person's rights.' (*Ibid.*; see *Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 826-827.) 'The two public policies identified above—the one for repose and the other for disposition on the merits—are equally strong, the one being no less important or substantial than the other.' (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396.) 'To establish any particular limitations period under any particular statute of limitations entails the striking of a balance between the two. To establish any such period under any such statute belongs to the Legislature alone [citation] subject only to constitutional constraints.' (*Id.* at pp. 396-397.)" (*Blaich v. West Hollywood Rent Stabilization Dept.* (2011) 195 Cal.App.4th 1171, 1175.)

## B.      Appellants' Petition Was Untimely

Section 1094.6, subdivisions (a) and (b) specify that a petition for judicial review of "any decision of a local agency . . . or . . . board" must be filed within 90 days of the local agency's final determination. Subdivision (f) provides that "[i]n making a final decision . . . the local agency shall provide notice to the party that the time within which judicial review must be sought . . . ."

The City denied appellants' appeal on January 18, 2013. That same day appellants were mailed the notice advising them of the City's denial of their appeal and that they had 90 days from January 18, 2013 within which to seek judicial review. Applying the plain language of the statute, appellants had until April 18, 2013 to seek judicial review.

4

They, however, did not file their writ petition until June 13, 2013, 146 days after the Decision was mailed. Despite the fact that they filed their petition 56 days after the statute of limitations had run, appellants insist that their petition should be considered timely in light of the so-called "unclean hands" of the City. Appellants insist that the City's January 18, 2013 notice was insufficient to start the 90-day period running because, pursuant to Fremont Municipal Code section 8.60.150, subdivision (b)(5), the hearing officer's Decision should have been filed within 10 days of the November 14, 2012 hearing or November 24, 2012. Based on this 55-day delay, appellants argue that the statute of limitations should have been tolled.

Appellants cite no authority for their novel "two wrongs make a right" theory of tolling the 90-day period set forth in section 1094.6. On the contrary, the established rule is that a trial court "has no jurisdiction to entertain section 1094.6 petitions unless they are filed on or before the 90th day after the local agency's decision." (*Tielsch, supra,* 160 Cal.App.3d at p. 579.)

*Tielsch, supra,* 160 Cal.App.3d 576, on which the trial court here relied, is instructive. In *Tielsch*, a former police chief of the City of Anaheim petitioned the superior court for a writ of mandate after the city denied his application for disability retirement. (*Id.* at p. 577.) The trial court denied his petition on the basis that it was filed after the 90-day statute of limitations period had run. (*Ibid.*) The petitioner argued that section 1013, subdivision (a), "extended the period within which he could petition for [a] writ of mandate by five days." (*Tielsch, supra,* 160 Cal.App.3d at p. 578.) The appellate court held that section 1013 was not applicable because the section 1094.6 time period for filing a writ of mandate petition was "a procedural statute of limitations and consequently jurisdictional[,]" which could not be extended. (*Ibid.*) The *Tielsch* court stated: "Harsh as the result may be, the conclusion that section 1013 does not apply in this situation is, in our view, inescapable. Section 1094.6 simply does not lend itself to the interpretation urged by [petitioner]. Although the bench and bar would undoubtedly welcome a statute that would universally extend time whenever notices are mailed in

5

place of the dangerous duality of the current system, that change must come from the Legislature, not the courts." (*Id.* at p. 580.)

*Farmer v. City of Inglewood* (1982) 134 Cal.App.3d 130 (*Farmer*) relied on by appellants does not compel a contrary conclusion. In *Farmer,* a city employee was discharged for disciplinary reasons but the notice of final action did not specify the reasons for the termination. (*Id.* at p. 135.) The employee, thereafter timely requested a hearing. (*Id.* at p. 141.) The city waited 70 days before denying the request, prompting the employee to petition for a writ of mandate to compel the city to hold a hearing. (*Ibid.*) The trial court granted the writ and the city appealed, arguing, among other things, the petition was time-barred by section 1094.6. (*Id.* at pp. 136, 140-141.) The appellate court, while acknowledging the principle that " '[t]ime to institute judicial review of administrative action is jurisdictional . . . .' [citations]," rejected the city's statute of limitations defense. (*Id.* at p. 141.) In so holding, the court explained that although the period of limitations on the employee's cause of action technically accrued on the date of the notice of final action, the statute of limitations was tolled by the employee's timely request for a legally required hearing and did not run until his request was refused 70 days after the date of the notice. (*Id.* at p. 141.) And, since the petition for mandate was filed 29 days after the date of refusal, it was filed within the 90-day period of limitations set forth in section 1094.6. (*Ibid.*)

Here, unlike in *Farmer*, the City did not refuse to hear appellants' claims and it did not prejudicially delay in adjudicating those claims.[3] Quite the contrary, upon receiving appellants' appeal of the nuisance determination, the City promptly set the matter for a hearing as required by Fremont Municipal Code section 8.60.130. Although the City delayed in issuing its ruling once the matter had been submitted, this ruling was not final until January 18, 2013, the date its written Decision was issued and mailed to appellants. (See § 1094.6, subd. (b); *Donnellan v. City of Novato, supra,* 86 Cal.App.4th at p. 1105.) It is this date that triggered the 90-day limitations period. (*Ibid.*) In other

---

[3] The record reflects that the hearing was continued several times at the request of appellants and their counsel.

6

words, the delay by the City in issuing its Decision did not toll the statute of limitations because the clock did not begin to run *until* the written Decision was sent to appellants. Accordingly, we conclude that any delay by the City in issuing its final Decision could not have had any effect on the limitations period that had not yet even commenced.

## C.    *The City Is Not Equitably Estopped*

Appellants contend that the City should be estopped from asserting the statute of limitations bar of section 1094.6 because of its "unclean hands."  The gist of the estoppel argument is that the hearing officer violated the Fremont Municipal Code section 8.60.150, subdivision (b)(5), by rendering the Decision approximately 53 days late. Appellants' position is that City should be estopped because "it did not even follow its own [c]ode."

An agency may be estopped from asserting a time bar statute if the agency induced the petitioner's delay.  (*Elliott v. Contractors' State License Bd.* (1990) 224 Cal.App.3d 1048, 1053.)  However, estoppel can only be invoked against a public agency "if [it] acted in an unconscionable or unreasonable manner or intended to, or did, take unfair advantage of the plaintiff, and only as long as estoppel will not nullify a strong public policy rule adopted for the public's benefit.  [Citations.]"  (1 Robinson, Cal. Admin. Mand: Statute of Limitations (Cont.Ed.Bar. 3d ed. 2003) § 9.29, p. 9-24.2.)  It has been held that such estoppel will only apply when the agency engages in affirmative conduct causing the petitioner to delay filing an action, not the mere passive failure of the agency to act or respond.  (*Id.* at p. 9-25; *Elliott v. Contractors' State License Bd., supra,* 224 Cal.App.3d at p. 1053.)

The elements of estoppel have been set forth by our Supreme Court as follows: " 'The doctrine of equitable estoppel is founded on concepts of equity and fair dealing. It provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment.  The elements of the doctrine are that (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the

7

other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. (*City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 488-489.)' [Citations.]" (*City of Goleta v. Superior Court* (2006) 40 Cal.4th 270, 279; see also *Superior Dispatch v. Insurance Corporation of New York* (2010) 181 Cal.App.4th 175, 187.)

Appellants received the City's notice of January 18, 2013, notifying them that the Decision became effective that date and advising them that they had 90 days to seek judicial review in the superior court. This notice accurately notified appellants of their rights and the time within which to assert them. More importantly, the City did not misrepresent or conceal any facts from appellants, nor did the City take any affirmative act that caused appellants to delay filing their petition. (*Elliott v. Contractors' State License Bd., supra,* 224 Cal.App.3d at p. 1053.) The City did not mislead plaintiffs. (See *Crumpler v. Board of Administration* (1973) 32 Cal.App.3d 567, 582.) Nothing the City did or did not do can be viewed as unconscionable, or unreasonable, or calculated to take an unfair advantage of appellants. Here, there is no showing of a "grave injustice" necessary for there to be an equitable estoppel against a government agency. (*City of Goleta v. Superior Court, supra,* 40 Cal.4th at p. 279; *Driscoll v. City of Los Angeles,* (1967) 67 Cal.2d 297, 306.) As a matter of law, the undisputed facts are such that appellants are not, under a theory of estoppel, entitled to relief from their late filing.

In sum, it cannot be said that by delaying the issuance of the Decision the City took unfair advantage of appellants or otherwise lulled them into a false sense of security that prevented them from filing their petition before the running of the statute of limitations.

### D.      *The Demurrer Was Properly Sustained Without Leave to Amend*

" 'When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper.' [Citation.]" (*Vaca v. Wachovia Mortg. Corp.* (2011) 198 Cal.App.4th 737, 746.) The petition for writ of mandate is time-barred on its face. As discussed, appellants cannot rely on either tolling or equitable estoppel to escape this

8

conclusion. No reasonable possibility exists that appellants could amend to plead around the limitations periods. (See, e.g., *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1491 [" 'plaintiff may not avoid a demurrer by pleading facts or positions in an amended complaint that contradict the facts pleaded in the original complaint or by suppressing facts which prove the pleaded facts false' "].) Thus, the court correctly sustained the demurrer without leave to amend.

To the extent appellants suggest that their pro per status, at the time they untimely filed the petition, should have afforded them leave to amend, they are mistaken. Although appellants represented themselves at the time they filed their petition, it is well established that "[p]ro. per. litigants are held to the same standards as attorneys. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ['A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation']; [Citation]. ]" (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Appellants' status as propria persona litigants did not exempt them from the rules of civil procedure. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Courts are required to treat propria persona litigants as any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.) Because the untimeliness of appellants' petition was established as a matter of law, the trial court correctly sustained the City's demurrer without leave to amend.

### III. DISPOSITION

The judgment is affirmed. The City is entitled to its costs on appeal.

9

_____

REARDON, J.

We concur:

_____

RUVOLO, P. J.

_____

STREETER, J.

*Ottovich v. City of Fremont* A140404

10