[No. A090263. First Dist., Div. Five. Feb. 1, 2001.]

JOHN DONNELLAN, Plaintiff and Appellant, v.
CITY OF NOVATO et al., Defendants and Respondents.

COUNSEL

Law Offices of William L. Williams, Jr., and William L. Williams, Jr., for Plaintiff and Appellant.

Walter & Pistole, Jeffrey A. Walter and Veronica A. F. Nebb for Defendant and Respondent.

OPINION

RICHMAN, J.*—John Donnellan (appellant) is a police officer employed by the City of Novato. He filed a petition for a peremptory writ of mandate pursuant to Code of Civil Procedure[1] section 1094.5, seeking judicial review of a decision by the City Council of the City of Novato (City Council) suspending him for four days without pay. The trial court denied the petition on the ground that it was barred by the limitations provision in section 1094.6, subdivision (b), because it was filed more than 90 days after the date the City Council's decision became "final," which the trial court concluded was the date of a cover letter accompanying the decision mailed to him. Appellant contends that the City Council's decision was not served in compliance with the statute, and thus denial of his petition as untimely was improper. We agree, holding that the cover letter does not meet the statutory requirement that the mailing include "a copy of the affidavit or certificate of mailing" (§ 1094.6, subd. (b)). We therefore reverse.

BACKGROUND

On October 30, 1997, appellant, a corporal with the Novato Police Department (Department), received a "Notice of Proposed Discipline" from the

---

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All undesignated section references are to the Code of Civil Procedure.

Department's police chief proposing that appellant be "demot[ed] in rank, up to termination" for alleged misconduct. On January 20, 1998, Novato City Manager Roderick Wood issued a written decision agreeing with the recommendation to demote appellant from the rank of corporal to officer.

On January 26, 1998, appellant filed an administrative appeal from the city manager's decision, the hearing on which was held on April 14, 1998, before an administrative law judge (ALJ). On May 6, the ALJ issued her proposed decision recommending that appellant's appeal be upheld because the demotion was not justified.

On August 11, 1998, the City Council reversed the ALJ's proposed decision and imposed upon appellant a four-day suspension without pay. On September 8, 1998, the City Council issued a written decision memorializing its proposed decision, which decision stated in relevant part, "Unless a shorter period applies, any judicial challenge to this decision is governed by Code of Civil Procedure § 1094.6."

On September 9, 1998, Novato Deputy City Manager David Rowlands mailed a copy of the City Council's decision and a cover letter to appellant's representative, William McPoil, at McPoil's Sacramento address.

On September 10, 1998, Rowlands allegedly mailed the City Council's decision to appellant at "2414 Grads Hill Street, Santa Rosa, CA 95402," although appellant's correct mailing address was "2414 *Gads* Hill Street, Santa Rosa, CA *95401*." (Italics added.) Accompanying the decision was a cover letter dated September 10, 1998, addressed to appellant at an address with the same errors in the street name and zip code. The cover letter reads in its entirety as follows: "Dear Mr. Donnellan: [¶] Enclosed please find a copy of the City Council's decision regarding your appeal of the proposed discipline from [the police chief]. [¶] If you have any questions, please contact me. [¶] Sincerely, [¶] David Rowlands [¶] Deputy City Manager."

On December 21, 1998, appellant filed a verified petition for writ of mandate under sections 1085 and 1094.5 naming the City Council and the City of Novato (hereafter collectively respondents).[2] On April 8, 1999, the petition was denied as untimely, on the ground that it was not filed within 90 days of the September 9, 1998, the date of the cover letter mailed to

---

[2]On January 29, 1999, a first amended verified writ of mandate petition was filed under Code of Civil Procedure section 1085 and Government Code section 3309.5. Since the proceeding below concerned only the procedural issue of the timeliness of appellant's petition, we do not address the merits of his writ of mandate claim.

appellant's representative.[3] Thereafter this court granted the parties' motion for a stipulated reversal of the judgment, and remanded the matter to the trial court based on *Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824-830 [84 Cal.Rptr.2d 144], which held that under section 1094.6 the administrative decision must be served on the party and not the party's representative.

On remand, respondents again asserted that the writ petition was untimely, this time because it was not filed within 90 days of September 10, 1998, the date of Rowlands's letter to appellant enclosing the decision. Respondents' untimeliness claim was supported with declarations by Rowlands and a United States Postal Service (USPS) employee. Rowlands's declaration, dated October 27, 1999, states that on September 10, 1998, he placed the cover letter addressed to appellant in a mailbox, postage prepaid, with the aforementioned errors as to appellant's street name and zip code, and that the envelope bore the City of Novato's return address. Rowlands further declared that almost two months earlier he had sent appellant a letter containing the same address errors as the September 10 mailing, and that several days later appellant called him in response to that mailing. Finally, Rowlands declared that he had received no indication that the September 10 mailing was not properly delivered to appellant at his Gads Hill Street address, or that the mailing was returned to the City as undeliverable. The essence of the USPS employee's declaration was that the September 10, 1998 mailing was in fact delivered to appellant, and that the "minor" address and zip code errors would likely have delayed delivery by a day at most.

At the hearing on remand appellant conceded that he had received the City Council's decision "soon"[4] after it was assertedly mailed to him, but argued that respondents had not strictly complied with the service requirements of section 1094.6, subdivision (b). Respondents argued that only substantial compliance with section 1094.6 is required. The court agreed, and determined that respondents had substantially complied with the notice requirements of section 1094.6, and that Rowlands's cover letter satisfied the requirement of a "certificate of mailing." The court also noted that appellant had not declared that he failed to receive the decision. The court concluded that, despite the fact that the address contained "two minor mistakes," the City Council's decision was served on appellant on September 10, 1998, and thus his petition was untimely. This appeal followed.

---

[3]The trial court also ruled that the action was governed by section 1094.5 and not section 1085.

[4]The record before us does not establish the date that appellant in fact received the City Council's decision.

DISCUSSION

 Section 1094.6 permits local agencies, except school districts, to shorten the period for review of decisions subject to review under section 1094.5, "suspending, demoting, or dismissing an officer or employee . . . ." (§ 1094.6, subd. (e).) When, as here, section 1094.6 applies, a petition for judicial review of a decision of a local agency under section 1094.5 must be filed "not later than the 90th day following the date on which the decision becomes final." (§ 1094.6, subd. (b).)

Section 1094.6, subdivision (b), provides in relevant part: "If [as in this case] there is a provision for a written decision or written findings, the decision is final for purposes of this section upon the date it is mailed by first-class mail, postage prepaid, including a copy of the affidavit or certificate of mailing, to the party seeking the writ. Subdivision (a) of Section 1013 does not apply to extend the time, following deposit in the mail of the decision or findings, within which a petition shall be filed."

Section 1094.6, subdivision (f),[5] requires the local agency to provide notice to the party that section 1094.6 governs the time within which judicial review of the local agency's decision must be sought. And the 90-day limitations provision of section 1094.6 does not begin to run until the subdivision (f) notice is given. (*El Dorado Palm Springs, Ltd. v. Rent Review Com.* (1991) 230 Cal.App.3d 335, 345 [281 Cal.Rptr. 327]; *Cummings v. City of Vernon* (1989) 214 Cal.App.3d 919, 922 [263 Cal.Rptr. 97].)

Here there is no dispute that the City Council's decision itself provided the notice required under section 1094.6, subdivision (f). The issue rather is whether the notice requirements of subdivision (b) were met by Rowlands's September 10, 1998 cover letter, an issue that appears to be one of first impression.

Appellant contends that the requirements of section 1094.6, subdivision (b), must be strictly complied with, and that respondents' failure to include with the City Council's decision an affidavit or certificate of mailing does not constitute such strict compliance. So, his argument runs, the 90-day limitations period never began to run, and his petition was timely filed.

Respondents rejoin that "All that [section 1094.6, subdivision (b)] requires to begin the running of the 90-day statute of limitations [period] is

---

[5]Section 1094.6, subdivision (f), provides: "In making a final decision . . . the local agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section."

mailing by first-class mail, postage prepaid"; that section 1094.6, subdivision (b), does not define or specify the requirements of an "affidavit or certificate of mailing," and thus substantial compliance is all that is required; and that Rowlands's cover letter dated September 10, 1998, was sufficient to enable appellant to calculate the date by which a timely petition had to be filed.

■ Resolution of this issue involves a question of statutory interpretation of section 1094.6, subdivision (b), and therefore we review the trial court's decision de novo.[6] (*Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1179 [46 Cal.Rptr.2d 169].) ■ "[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. . . . [Citations.]" (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) "[W]e consider each section of the statute in the context of the statute as a whole. [Citation.]" (*National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1726 [1 Cal.Rptr.2d 570].)

■ In construing section 1094.6, subdivision (b), we are mindful that it is a procedural limitations provision and, consequently, jurisdictional. (*Tielsch v. City of Anaheim* (1984) 160 Cal.App.3d 576, 578 [206 Cal.Rptr. 740]; *Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 452 [190 Cal.Rptr. 893].) ■ The primary purpose of a statute of limitations is to prevent the assertion of stale claims by persons who, without excuse, have failed to file their action until evidence is no longer fresh and witnesses are no longer available, thus rendering the claims difficult or impossible to defend. (*Addison v. State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].) It has also been noted that statutes of limitations are technical defenses which should be strictly construed to avoid the forfeiture of a person's rights. Such statutes are obstacles to just claims, and courts may not indulge in strained constructions to apply the statutes to the facts of a particular case. (*Steketee v. Lintz, Williams & Rothberg* (1985)

---

[6]As we discuss, *infra*, the factual issue as to whether and when appellant received the decision is of no moment, since the required notice is effective when given in the manner required by section 1094.6, subdivision (b). Consequently, our review concerns purely legal issues of statutory interpretation, and we need not address the effect, if any, of the errors in appellant's address and zip code, nor appellant's claim that the statute of limitations was tolled by the mailing of the decision at the incorrect address. Because of this, the substantial evidence rules of appellate review on which respondents rely are inapplicable.

38 Cal.3d 46, 56 [210 Cal.Rptr. 781, 694 P.2d 1153]; *Herman v. Los Angeles County Metropolitan Transportation Authority, supra,* 71 Cal.App.4th at pp. 826-827.)

The triggering point for the limitations provision in issue is the "date on which the decision becomes final" which, according to section 1094.6, subdivision (b), occurs when the written decision containing notice of the time within which judicial review must be sought is "mailed by first-class mail, postage prepaid *including a copy of the affidavit or certificate of mailing* to the party seeking the writ." (Italics added.) Thus, the statutory language on its face requires the agency to include an affidavit or certificate of mailing when mailing the decision.

The parties acknowledge that there is no uniform definition or common understanding of the terms "affidavit" or "certificate of mailing," and that those terms appear in various California statutes and rules of court. (See, e.g., Civ. Code, § 2924i, subd. (c); Code Civ. Proc., §§ 411.20, 664.5, 684.120, 1013, subd. (b), 1013a; Ed. Code, § 94822; Fin. Code, § 18611; Pen. Code, §§ 1305, subd. (b), 1305.2; Sts. & Hy. Code, §§ 2855, 2953; Cal. Rules of Court, rules 4.315, 1248, 1457(a).) In some instances, the Legislature has specified the contents of such an affidavit or certificate; in other instances it has not.

Appellant argues that an "affidavit or certificate of mailing" is akin to a proof of service by mail and should be interpreted according to both section 1013, subdivision (b) (which concerns service by mail),[7] and section 1013a (which sets forth the requirements of an affidavit or certificate when such service is effected).

Respondents disagree, and in reliance on *Herman* argue that sections 1013 and 1013a do not apply because section 1010, contained within the same chapter as sections 1013 and 1013a, provides: "Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code." *Herman* held that section 1010 does not apply to section 1094.6, reasoning that the latter section provides for service on a "party," that "section 1010 applies to civil actions, and that no such [civil] action has been filed where an agency simply gives notice of its own decision." (*Herman v. Los Angeles County*

---

[7]Section 1013, subdivision (b), provides: "The copy of the notice or other paper served by mail pursuant to this chapter shall bear a notation of the date and place of mailing or be accompanied by an unsigned copy of the affidavit or certificate of mailing."

*Metropolitan Transportation Authority, supra,* 71 Cal.App.4th at p. 827; see also *Thierfeldt v. Marin Hosp. Dist.* (1973) 35 Cal.App.3d 186, 198 [110 Cal.Rptr. 791].) We agree with respondents that section 1013, subdivision (b), and section 1013a do not apply to the notice by mail required by section 1094.6, subdivision (b). But that does not end the inquiry.

The obvious purposes of the affidavit or certificate of mailing requirement of section 1094.6, subdivision (b), are to establish the fact of the date of mailing of the agency's decision, and to inform the party seeking the writ of the effective date of the mailing. Since subdivision (b) establishes that the 90-day period in which to file the writ petition is triggered only after the decision is mailed, proof of the mailing necessarily establishes, and informs the party of, the date the 90-day limitations period begins.

Our review of the legislative history suggests that the Legislature enacted section 1094.6, subdivision (b), to ensure that the party seeking the writ had notice of the effective date the agency's decision became final, the date triggering the 90-day limitations period. And that notice must be served properly. As the court in *Herman* put it in discussing its review of the legislative history: "The materials note that since [section 1094.6] adopted a much shorter limitations period, it was crucial that the party have proper notice." (*Herman v. Los Angeles County Metropolitan Transportation Authority, supra,* 71 Cal.App.4th at p. 829.)

Section 1094.6, enacted in 1976, shortened the limitations period governing the relevant writ of mandate petitions from three or four years to 90 days. (*Foster v. Civil Service Com., supra,* 142 Cal.App.3d at p. 450; *Herman v. Los Angeles County Metropolitan Transportation Authority, supra,* 71 Cal.App.4th at p. 829.) And courts have cautioned that an interpretation of section 1094.6 which shortens the 90-day period even further should be avoided. (*El Dorado Palm Springs, Ltd. v. Rent Review Com., supra,* 230 Cal.App.3d at p. 345; *Cummings v. City of Vernon, supra,* 214 Cal.App.3d at p. 922.)

The language in section 1094.6, subdivision (b), providing that a local agency's written decision is final upon the date it is mailed "including a copy of the affidavit or certificate of mailing," was added in 1991 by Assembly Bill No. 1484 (Stats. 1991, ch. 1090, § 6, pp. 5054-5055), "an omnibus civil practice bill to include noncontroversial changes in civil practice law" (Comments, Assem. Ways and Means Com., Republican Analysis of Assem. Bill No. 1484 (1991-1992 Reg. Sess.) May 29, 1991, p.

1). The amendment to section 1094.6, subdivision (b), was intended to "clarify when an administrative decision becomes final for purpose of filing a petition for judicial review." (Summary, Assem. Ways and Means Com. Republican Analysis of Assem. Bill No. 1484, *supra*, at p. 1; Digest, Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1484 (1991-1992 Reg. Sess.) May 9, 1991, p. 1.) Thus we must look to the plain meaning of the terms "affidavit" and "certificate" to ascertain precisely what section 1094.6, subdivision (b), requires, and whether the cover letter of September 10, 1998, complied with those requirements.

"An 'affidavit' is a written statement verified by oath or affirmation." (*People v. Griffini* (1998) 65 Cal.App.4th 581, 587 [76 Cal.Rptr.2d 590], citing *Common Wealth Ins. Systems, Inc. v. Kersten* (1974) 40 Cal.App.3d 1014, 1031 [115 Cal.Rptr. 653]; § 2003.) A certificate is " 'a written testimony to the truth of any fact.' " (*Dolan v. United States* (8th Cir. 1904) 133 Fed. 440, 449, quoting Webster; accord, *People v. Griffini, supra,* at pp. 586-587; *Cal. Employment Com. v. Malm* (1943) 59 Cal.App.2d 322, 324 [138 P.2d 744]; see also Black's Law Dict. (7th ed. 1999) p. 218, col. 2.)

Based on all the above, we interpret section 1094.6, subdivision (b), to require that, when the local agency mails its written decision to the party seeking the writ, such mailing must include a written statement verified by oath or affirmation, or a written statement attesting to the date that the decision was mailed to the party by first class mail, postage prepaid. Only such verified or testimonial statement meets the requirements of section 1094.6. No such verified or testimonial statement was included with the decision here.

We find support for our conclusion that affidavit and certificate mean what they say, and that Rowlands's cover letter does not measure up, in the language of other statutes as to what begins the running of the applicable limitations period. Illustrative is Revenue and Taxation Code section 6933, which states that the claimant's time to bring an action for a refund against the board begins to run on "the mailing of the notice of the board's action." Likewise, Government Code section 65009, subdivision (c) provides that actions challenging local zoning and planning decisions must be brought "within 90 days after the legislative body's decision." Simply put, the Legislature knew how to say what it meant, and if it meant to say the date of mailing, it could have said so. It did not, but rather, and specifically, said that there must be "includ[ed]" with the decision "a copy of the affidavit or certificate of mailing" (Code Civ. Proc., § 1094.6, subd. (b)).

Respondents argued, and the trial court found, that Rowlands's cover letter satisfied the "certificate of mailing requirement."[8] We disagree. It is probably enough to say that the letter was not a certificate: it was not "testimony" to the truth. (See *People v. Griffini, supra,* 65 Cal.App.4th at pp. 586-587.) Beyond that, while the September 10, 1998 date on the face of the cover letter may reasonably suggest that that was the date of its *writing,* it does not establish that the letter and the City Council's decision were *mailed* on that date. Certainly, it is reasonably possible, and often the case, that a letter is not mailed on the date it is written. Neither the cover letter nor the City Council's decision establishes or verifies the date the decision was in fact mailed to appellant.

In addition, the after-the-fact declaration of Rowlands stating that he mailed the cover letter to appellant by first class mail, postage prepaid, on September 10, 1998, does not satisfy the requirements of section 1094.6, because under the express language of the statute the facts of the mailing must be attested to in a written statement *included* with the written decision. (See *West v. West* (1979) 92 Cal.App.3d 120, 125 [154 Cal.Rptr. 667] [after-the-fact certification of mailing does not comply with § 1013a proof of mailing requirements].)

We also reject respondents' argument that appellant's admission that he received the decision and his failure to produce evidence of the date he received it permitted the trial court to infer that he received the decision more than 90 days prior to filing the petition. As noted, the Legislature intended that a local agency give the affected party direct written notice at the time its decision is mailed of the date the decision was mailed by first class mail, postage prepaid. Such notice is effective when given in the manner required by section 1094.6, subdivision (b), not when it is actually received. (See *El Dorado Palm Springs, Ltd. v. Rent Review Com., supra,* 230 Cal.App.3d at p. 347.) Furthermore, the requirement of an affidavit or certificate of mailing establishing the date the local agency's decision is mailed necessarily precludes a mere *inference* of that date.

We conclude that respondents failed to provide appellant notice of the effective date of mailing of their decision in the manner required by section 1094.6, subdivision (b), at any time prior to appellant's filing of his petition. Thus the petition was timely filed, and the trial court erred in ruling to the contrary.

---

[8]The City Council does not assert that its cover letter constituted an "affidavit" for purposes of section 1094.6, subdivision (b).

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court with instructions to reinstate the petition.

Jones, P. J., and Stevens, J., concurred.