[No. B224142. Second Dist., Div. Seven. May 16, 2011.]

ESTHER BLAICH et al., Plaintiffs and Appellants, v.
WEST HOLLYWOOD RENT STABILIZATION DEPARTMENT, Defendant
and Respondent.

## COUNSEL

Craig Mordoh for Plaintiffs and Appellants.

Michael Jenkins, City Attorney; Jenkins & Hogin and John C. Cotti for Defendant and Respondent.

OPINION

PERLUSS, P. J.—Esther Blaich and Jacob Blaich, owners of property in the City of West Hollywood containing residential apartments subject to the city's rent stabilization ordinance, appeal from the judgment entered after their petition for writ of mandate against the city's rent stabilization department (Department) was dismissed as untimely. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2008 Desiree Jade Sol, a tenant of one of the Blaiches' rental units, filed a petition for an individual rent adjustment seeking a rent reduction and compensation for past rent overcharges collected by the Blaiches during Sol's tenancy. On September 24, 2008 a hearing examiner for the Department issued a written decision adjusting the rent to $663.27 and finding the Blaiches had overcharged Sol in the amount of $12,211.88. The Blaiches' appeal to the West Hollywood Rent Stabilization Commission was denied at a public hearing on November 13, 2008.

The Blaiches filed a timely request for preparation of the administrative record pursuant to Code of Civil Procedure section 1094.6, subdivisions (c) and (d).[1] In accordance with the requirements of section 1013, subdivision (c), which authorizes service by Express Mail or overnight delivery, the Department sent the administrative record by overnight courier on June 12, 2009. The record was delivered to the Blaiches' counsel on June 15, 2009. On July 14, 2009 the Blaiches filed a petition for writ of mandate in the superior court seeking to overturn the decision of the Department.

The Department demurred to the petition on the ground it was untimely. The Department argued service was complete when the record was deposited with the overnight courier on June 12, 2009, and the time to file a petition expired on July 13, 2009. The Blaiches argued their time did not begin to run until the record was delivered on June 15, and thus the petition was timely. The court agreed with the Department and sustained the demurrer at a hearing on November 4, 2009. Judgment was entered dismissing the petition on May 26, 2010.

## CONTENTIONS

The Blaiches contend the Department's service of the administrative record by overnight courier was not service by mail within the meaning of section

---

[1] Statutory references are to the Code of Civil Procedure.

1094.6 and that service was not complete until the record was delivered to their counsel on June 15, 2009.

## DISCUSSION

### 1. *Standard of Review*

■ Issues of statutory interpretation are questions of law subject to our independent or de novo review. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311 [3 Cal.Rptr.3d 559, 207 P.3d 20]; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; see *California Veterinary Medical Assn. v. City of West Hollywood* (2007) 152 Cal.App.4th 536, 546 [61 Cal.Rptr.3d 318].) We are guided by well-established principles of statutory construction. Our fundamental task is to ascertain the Legislature's intent and thereby effectuate the purpose of the statute. (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1147 [74 Cal.Rptr.3d 81, 179 P.3d 882]; *Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].) "We begin with the statutory language because it is generally the most reliable indication of legislative intent." (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 888 [80 Cal.Rptr.3d 690, 188 P.3d 629].) "If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196]; see also *Smith*, at p. 83.)

■ Further, in construing section 1094.6, "we are mindful that it is a procedural limitations provision and, consequently, jurisdictional." (*Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1103 [103 Cal.Rptr.2d 882].) Although statutes of limitations in general serve to prevent the assertion of stale claims that would be difficult to defend because of the passage of time, such technical defenses "should be strictly construed to avoid the forfeiture of a person's rights." (*Ibid.*; see *Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 826–827 [84 Cal.Rptr.2d 144].) "The two public policies identified above—the one for repose and the other for disposition on the merits—are equally strong, the one being no less important or substantial than the other." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396 [87 Cal.Rptr.2d 453, 981 P.2d 79].) "To establish any particular limitations period under any particular statute of limitations entails the striking of a balance between the two. To establish any such period under any such statute belongs to the Legislature alone [citation], subject only to constitutional constraints . . . ." (*Id.* at pp. 396–397.)

2. *Sending the Administrative Record by Overnight Courier Is Not Mailing the Record Within the Meaning of Section 1094.6, Subdivision (d)*

■ Section 1094.6 establishes time limits for judicial review of the decision of a local agency and requires a petition to be filed "not later than the 90th day following the date on which the decision becomes final." (§ 1094.6, subd. (b).) If a petitioner files a request for preparation of the administrative record "within 10 days after the date the decision becomes final," however, the time to file the petition is extended "to not later than the 30th day following the date on which the record is either personally delivered or mailed to the petitioner or his attorney of record . . . ." (§ 1094.6, subd. (d).)

■ Section 1094.6 was enacted in 1976 and shortened the limitations period for filing petitions for writ of mandate under section 1094 from three or four years to 90 days. (*Donnellan v. City of Novato, supra*, 86 Cal.App.4th at p. 1105.) In light of this drastic shortening of the time to seek judicial review of an agency decision, the shorter limitations period makes it crucial for parties to receive proper notice of agency actions; and "courts have cautioned that an interpretation of section 1094.6 which shortens the 90-day period even further should be avoided." (*Ibid.*)

Based on these concerns, as well as fundamental principles of statutory construction, courts have declined to stray from the express language of section 1094.6. (See, e.g., *Tielsch v. City of Anaheim* (1984) 160 Cal.App.3d 576, 578–580 [206 Cal.Rptr. 740] [§ 1013's authorization of five extra days for service by mail does not extend 90-day period for filing petition for writ of mandate under § 1094.6; decision codified by amendment to § 1094.6]; *Herman v. Los Angeles County Metropolitan Transportation Authority, supra*, 71 Cal.App.4th at p. 827 [§ 1094.6's requirement agency's decision be mailed "to the party seeking the writ" cannot be satisfied by mailing the decision to the parties' attorney (as contemplated by § 1010)[2] because "the statutory language on its face requires service on the party, not on the party or its lawyer"]; *Donnellan v. City of Novato, supra*, 86 Cal.App.4th at p. 1106 [§ 1094.6's requirement an affidavit or certificate of mailing accompany the written decision cannot be satisfied by cover letter because date on letter does not establish date of mailing]; *Holden v. Los Angeles City Ethics Com.* (2006)

---

[2] Sections 1010 through 1013a specify the manner in which written notices may be served in civil litigation. Specifically, section 1010 prescribes the requirements of notice; section 1011 addresses how notices may be served by personal delivery; and section 1012 provides that notices may also be served by mail. Section 1013 establishes the requirements for various forms of service other than personal delivery. Section 1013a prescribes the requirements for proofs of service.

137 Cal.App.4th 1274, 1276 [40 Cal.Rptr.3d 858] [agency decision is final on day it is "announced," as set forth in § 1094.6, subd. (b)].)

In this case, when the Department sent the completed record to the Blaiches' counsel, it elected to do so by an overnight courier. The Department's proof of service[3] tracks section 1013, subdivision (c), which allows service to be accomplished either by "Express Mail" (offered by the U.S. Postal Service) or "by another method of delivery providing for overnight delivery." "Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain . . . shall be extended by two court days."[4] (§ 1013, subd. (c).)

■ The plain language of section 1094.6, subdivision (d), specifies the record be "either personally delivered or mailed." The word "mailed" is not the same as delivery by an overnight courier. Indeed, section 1013 lists "service by mail, Express Mail, overnight delivery, or facsimile transmission" and addresses requirements of service by any of those different means. Section 1013, subdivision (a), however, is the only provision that expressly contemplates service by mail through the postal service.[5]

■ Accordingly, the Department's service of the record by overnight delivery was not complete until the record was received by the Blaiches' counsel on June 15, 2009. The petition for writ of mandate, having been filed on July 14, 2009, was timely; and the Department's demurrer on this ground should have been overruled.

---

[3] The Department's proof of service, executed and sworn by an employee of the law firm representing the Department on June 12, 2009, states the record was served "by placing the original thereof enclosed in sealed envelopes [*sic*] with fully prepaid postage thereon and addressed" to the Blaiches' counsel and "transmitted via Overnight Courier to the offices of the addressee(s)."

[4] The extension of time by two court days following service by Express Mail or other overnight delivery service does not apply to the service here because the time period in question is a procedural limitations period. (See *Tielsch v. City of Anaheim, supra,* 160 Cal.App.3d at p. 578; *Donnellan v. City of Novato, supra,* 86 Cal.App.4th at p. 1103.)

[5] We recognize practitioners may assume the act of sending a document through the mail, as contemplated by section 1094.6, could be accomplished by service of the document in accordance with any of the modes authorized by section 1013. To the extent our view of section 1094.6 appears anachronistic in this respect, the task of remedying this ambiguity belongs to the Legislature, not the courts. (See, e.g., *Tielsch v. City of Anaheim, supra,* 160 Cal.App.3d at p. 580 ["Harsh as the result may be, the conclusion that section 1013 does not apply in this situation is, in our view, inescapable. . . . Although the bench and bar would undoubtedly welcome a statute that would universally extend time whenever notices are mailed in place of the dangerous duality of the current system, that change must come from the Legislature, not the courts."].)

## DISPOSITION

The judgment dismissing the petition for a writ of mandate as untimely is reversed, and the matter is remanded to the trial court for further consideration of the claims raised in the writ petition. The parties are to bear their own costs on appeal.

Woods, J., and Jackson, J., concurred.