Filed 7/29/14  Bell v. San Bernardino Cty. Employee's Retire. Assn. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CURTIS BELL, JR., | D065610 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVDS1110128) |
| SAN BERNARDINO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, David S. Cohn, Judge.  Affirmed.

Curtis Bell, Jr., in pro. per., for Plaintiff and Appellant.

Arias & Lockwood and Christopher D. Lockwood for Defendant and Respondent.

INTRODUCTION

Curtis Bell, Jr., a former employee of the County of San Bernardino, applied for

and was denied disability benefits by the board of the San Bernardino County Employees'

Retirement Association (SBCERA). Following an administrative appeal, the SBCERA board sent notice on September 3, 2009, of its decision finding Bell did not prove he is permanently incapacitated or his injury is work related. The trial court determined his petition for writ of mandate, filed August 25, 2011, is barred by the 90-day statute of limitations under Code of Civil Procedure section 1094.6.[1] From what we can glean from the briefing, Bell argues on appeal SBCERA did not give him proper notice and information. We find no merit in this contention and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Bell was terminated from his employment with San Bernardino County and later filed for disability retirement benefits. The SBCERA board considered his application and denied it, finding he was not permanently incapacitated and thus not eligible for disability retirement. Bell appealed the initial decision within the administrative procedures of SBCERA. Represented by attorney Rob Hennig, Bell presented his case before an SBCERA hearing officer. Based on the hearing officer's findings of fact, conclusions of law, and recommendations, the SBCERA board again denied Bell's application.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] The record contains extensive documentation of Bell's medical conditions, workers' compensation claims, and reasons for termination. We omit the information because it is not relevant to this appeal.

On September 3, 2009, Christie Porter of SBCERA's member services department sent a letter to both Bell and Hennig informing them of the board's final decision. The letter advised a petition for judicial review would need to be filed "not later than the ninetieth (90th) day following the date a decision becomes final" under section 1094.6.

Bell denies receiving the letter from Porter, alleging she sent the letter to an outdated mailing address.[3] Bell further denies Hennig was his attorney because "there [was] no retainer." However, Bell admits Hennig told him about SBCERA's denial letter in October 2009 and advised him of the need to file a timely appeal.

Bell testified he called Mary Ortiz of SBCERA's member services department to ask how to appeal. Bell contends she told him to file with the Court of Appeal and he could find the address on the internet. Ortiz testified she did not recall speaking to Bell about the appeal, but she would tell anyone who asked, appeals must be filed with the superior court. Bell asserts he submitted appeals to the appellate courts in San Francisco, Riverside, and Los Angeles. SBCERA submits there is no record of Bell's case in the Court of Appeal in San Francisco, Los Angeles, or Riverside.

On August 25, 2011, Bell filed a petition for writ of mandate in the Superior Court of San Bernardino County challenging SBCERA's decision to deny his application for disability benefits. SBCERA filed a demurrer, asserting an affirmative defense that the statute of limitations had run. At a status hearing, the court bifurcated the trial to try the

---

[3] Porter sent the letter to P.O. Box 542. Several of the documents that Bell presented for judicial notice also used the P.O. Box 542 address. Thus, it appears Bell was still using the P.O. Box 542 address in December 2009 and in 2011.

statute of limitations affirmative defense first. Following a bench trial, the court entered final judgment for SBCERA, finding the statute of limitations barred the claim. Bell timely filed this appeal.

Bell asked this court to take judicial notice of a number of documents not included in the trial court record. SBCERA opposed the request, contending judicial notice should not be taken for the first time on appeal, particularly not when the request accompanied the appellant's reply brief. SBCERA also objected to the documents as hearsay, unauthenticated, and irrelevant. We reserved the issue for consideration with this appeal.

DISCUSSION

I

*Bell's Request for Judicial Notice and Inadequate Briefing*

A

With his reply brief, Bell requested we take judicial notice of several documents not in the trial court record. The documents include delivery receipts, notes of his conversations, a disability report, e-mails, and a letter from his former attorney.

Appellate courts will not judicially notice evidentiary matters that cannot properly be considered on appeal. (*Simmons v. Southern Pac. Transportation Co.* (1976) 62 Cal.App.3d 341, 366-367.) Like trial courts, appellate courts will decline to exercise their discretion under Evidence Code section 452, subdivision (h), to take judicial notice of allegedly verifiable facts and propositions where the requesting party has not furnished the court with information sufficient to show the matter is capable of " 'immediate and accurate determination by resort to sources of reasonably indisputable accuracy.' "

4

(*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 737; see *Leibert v. Transworld Systems, Inc.* (1995) 32 Cal.App.4th 1693, 1700 [hearsay reports of conversations with Division of Labor Standards employees and unauthenticated internal documents were not sources of reasonably indisputable accuracy].)

The documents Bell offers for judicial notice are not easily verifiable. Bell does not explain why he is offering additional theories or documents for judicial notice at the late stage of the reply brief. His briefing lacks any explanation that might compel this court to make exceptions to well-established rules of appellate procedure. Thus, we deny the request for judicial notice and only address documents properly included in the appellate record. "As a general rule, documents not before the trial court cannot be included as part of the record on appeal and thus must be disregarded as beyond the scope of appellate review. [Citations.] Likewise disregarded are statements in briefs based on matter improperly included in the record on appeal. [Citations.] . . . [W]e ignore such defects and consider the brief as if it were properly prepared." (*Pulver v. Avco Fin. Servs.* (1986) 182 Cal. App. 3d 622, 632.)

B

Bell appeals the trial court's judgment finding his claim to be barred by the statute of limitations. However, his opening brief primarily argues the merits of his disability claim and is devoid of any argument the trial court misapplied the statute of limitations. Bell attempts to argue judicial estoppel for the first time in his reply brief.

Generally, an appellate court will not review an issue a party did not raise by some proper method in the trial court. (See *City of San Diego v. D.R. Horton San Diego*

5

*Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 ["[c]ontentions or theories raised for the first time on appeal are not entitled to consideration"]; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 ["It must appear from the record that the issue argued on appeal was raised in the trial court. If not, the issue is waived."].)

It is well settled that a contention made for the first time in an appellant's reply brief, unaccompanied by any reason for its omission from the opening brief, is ordinarily deemed waived and disregarded on appeal because considering it either deprives the respondent of an opportunity to answer it or requires the effort and delay of an additional brief by permission. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764-765.) Bell offers no reason for his earlier omission, thus we disregard Bell's judicial estoppel argument.

We recognize Bell is not represented by an attorney, but under the law, he is not exempt from procedural rules. Rather, appellant is " 'to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

II

*Standard of Review*

Where the relevant facts are not in dispute, the effect of the statute of limitations may be decided as a question of law. (*Int'l Engine Parts v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611.) However, where the facts are disputed and thus subject to resolution by the trial court, an appellate court reviews those rulings under the substantial evidence

6

standard of review, which provides that the trial court's resolution of disputed factual issues must be affirmed if supported by substantial evidence. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632; see *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112 [resolution of statute of limitations issue is normally a question of fact unless facts are uncontradicted].) "Mixed questions of law and fact concern the application of the rule to the facts and the consequent determination whether the rule is satisfied." (*Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888.)

In this case, we review the trial court's factual findings regarding any disputed facts underlying the application of the statute of limitations to determine if they are supported by substantial evidence. If so, we then apply the law to the facts and exercise our independent judgment about whether the statute of limitations bars the petition as a matter of law.

### III

*Finding of fact: Bell received proper notice*

In his opening brief, Bell cites sections 415.010 and 415.90, presumably to support his argument he did not have proper notice of SBCERA's decision. Bell contends he never received notice from SBCERA as required by section 1094.6. The trial court found Bell had notice of SBCERA's decision.

Applying the substantial evidence standard to the court's factual findings, we consider evidence substantial if it is reasonable, credible, and of solid value such that a reasonable person might accept it as adequate to support a conclusion. (*Braewood*

7

*Convalescent Hospital v. Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 164; *Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)  At trial, Porter testified she mailed notice of the decision to Bell and Hennig.  Bell testified Hennig told him about the adverse decision in October 2009 and the need to appeal within 90 days.  Thus, there is substantial evidence to support the trial court's finding that Bell had notice.

IV

*Application of Section 1094.6 to Bell*

Section 1094.6 requires a petition for writ of mandate challenging any decision of a local agency to be filed not later than the 90th day following the date on which the decision becomes final.  (§ 1094.6, subd. (b).)  If there is a provision for a written decision or written findings, the decision is final for purposes of this section upon the date it is mailed by first-class mail, postage prepaid, including a copy of the affidavit or certificate of mailing, to the party seeking the writ.  (§ 1094.6, subd. (b).)

We independently review how section 1094.6 applies to the facts as found by the trial court.  Further, in construing section 1094.6, subdivision (b), "we are mindful that it is a procedural limitations provision and, consequently, jurisdictional.  [Citations.]  The primary purpose of a statute of limitations is to prevent the assertion of stale claims by persons who, without excuse, have failed to file their action until evidence is no longer fresh and witnesses are no longer available, thus rendering the claims difficult or impossible to defend.  [Citation.]  It has also been noted that statutes of limitations are technical defenses which should be strictly construed to avoid the forfeiture of a person's rights.  Such statutes are obstacles to just claims, and courts may not indulge in strained

8

constructions to apply the statutes to the facts of a particular case." (*Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1103.)

SBCERA mailed notice of its final decision to both Bell and Hennig on September 3, 2009.  In order to be within the statute of limitations, Bell should have filed his writ of mandate with the superior court on or before December 2, 2009.  Bell did not file the writ of mandate in superior court until August 25, 2011, almost two years after SBCERA issued its final decision.

In his opening brief, Bell asserts he submitted an appeal to the courts of appeal in San Francisco, Riverside, and Los Angeles, although he does not specify when he first tried to file the documents.  Bell fails to assert he complied with the statute of limitations by filing his appeal in any court on or before December 2, 2009.

Bell's opening brief submits as fact various communications with the courts of appeal.  Bell provided the trial court with certified mail receipts of his correspondence. The court sustained SBCERA's hearsay objection to statements allegedly made by appellate courts.  There was no record of what the documents contained and an Internet search of the appellate court websites did not show anything filed under Bell's name. Bell did not object to the trial court's exclusion of the evidence nor did he attempt to appeal the evidentiary ruling.  Thus, we do not consider the evidence.  (See *Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1014-1015.)

Although Bell does not make the argument in his appellate briefings, it appears he tried to assert equitable tolling should apply to his case at the trial court.  The court said to Bell, "But what I'm hearing is that it's your position that you shouldn't be required to

9

comply with the 90-day limitations period because you attempted to file, although it was in the wrong court?" Bell responded affirmatively. The trial court found Bell's testimony he attempted to file with the Court of Appeal credible, but also found it "irrelevant" because it was in "the wrong court." Bell did not object to the court's irrelevance ruling nor did he raise it as an error on appeal.

Assuming without deciding equitable tolling could apply to Bell's case, Bell has " 'doubly waived' " it by failing to object to the trial court's ruling and by failing to raise it in his appellate briefing. (See *Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 776.) " 'An appellate court will ordinarily not consider procedural defects or erroneous rulings . . . where an objection could have been, but was not, presented to the lower court by some appropriate method. [Citations.]' [Citation.] Failure to object to the ruling or proceeding is the most obvious type of implied waiver." (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002.) As noted above, issues not raised in appellant's opening brief are generally deemed to be waived.

Bell did not file his writ of mandate petition until nearly two years after he received notice of the adverse decision. Absent any assertion by Bell the trial court misapplied section 1094.6, we conclude his petition is barred by the statute of limitations.

10

DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.