Filed 7/1/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAY ALFORD, | B293393 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VS028361) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lori Ann Fournier, Judge.  Reversed.

Jay Alford, in pro. per., for Plaintiff and Appellant.

Peterson Bradford Burkwitz, Avi Burkwitz and Craig G. Marinho for Defendant and Respondent.

————————————————

Plaintiff and appellant Jay Alford filed a grievance after the Los Angeles County Department of Children and Family Services (Department) placed his name on the Child Abuse Central Index. After a grievance hearing, the Department decided no modification should be made to the previously substantiated allegations of child abuse by plaintiff, resulting in his name remaining on the Child Abuse Central Index. The Department denied the grievance and served its written decision upon plaintiff by mail.

Plaintiff filed a petition for writ of mandate under Code of Civil Procedure section 1094.5, seeking to overturn the decision to keep his name on the Child Abuse Central Index. (All statutory references are to the Code of Civil Procedure.) The trial court granted summary judgment for the Department on the ground that plaintiff's petition for writ of mandate was barred by the statute of limitations. Plaintiff contends the Department did not serve notice of its decision in compliance with the statute and, for that reason, the statute of limitations did not bar his petition. We agree and therefore reverse.

## DISCUSSION

We review a trial court's grant of summary judgment de novo. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) This case presents an issue of statutory construction that is likewise subject to review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

Section 1094.6 sets the time limits for filing a petition for writ of mandate to obtain judicial review of an administrative decision. Section 1094.6, subdivision (b), provides that where, as here, the agency decision is in writing, any petition challenging the agency decision must be filed within 90 days of the decision becoming final. The decision becomes final on the date the

decision is served by first class mail, postage prepaid, including a copy of the affidavit of mailing.  Section 1094.6, subdivision (d) provides that if the petitioner files a request for the record of the administrative proceedings within 10 days after the decision becomes final, then the time to file the petition shall be extended to not later than the 30th day after the date on which the record is either personally delivered or mailed to the petitioner.

"The triggering point for the limitations provision in issue is the 'date on which the decision becomes final.' " (*Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1104 (*Donnellan*).) Subdivision (f) requires the agency to provide notice to the party that the time within which judicial review must be sought is governed by section 1094.6.  "[T]he 90-day limitations provision of section 1094.6 does not begin to run until the subdivision (f) notice is given." (*Donnellan,* at p. 1102.)

The Department gave notice to plaintiff by mail on October 13, 2015, and plaintiff received it on October 20, 2015. Plaintiff did not file his petition until February 17, 2016, four months after the notice was served.  But the notice did not clearly tell plaintiff when the decision became final.  First, the notice said the decision "is final," and that section 1094.6 required plaintiff to file any petition no later than "the 90th day on which the petition is deemed final."  But the notice also said the decision would become final "90 days from the date it is placed in the mail."  The Department's notice stated:

"***The decision made by the Director of the Department of Children and Family Services regarding the [Child Abuse Central Index] determination is final***.  If you disagree with this decision, you can file a petition or other writing for a Writ of Mandate pursuant to California Code of Civil Procedure 1094.5, and request a review of the decision in the Los Angeles Superior Court.  ***Timelines for filing Writs of Mandate are***

3

***governed by California Civil Code of Procedure 1094.6.
This statute requires you file any petition or other paper
seeking review no later than the 90th day on which the
decision is deemed final. The decision will become final
90 days from the date it is placed in the mail.*** However, this
time period can be extended if, within 10 days of the decision
becoming final, you make a request for the record of the
proceedings and deposit an amount which is sufficient to cover
the estimated cost of preparation of the record. If this occurs, you
will be allowed an additional 30 days from the date the record is
available, to file a petition." (Boldface & italics added.)

The Department's notice gave plaintiff two inconsistent
dates on which its decision became final. The notice said the
decision was final and, in conformance with the statute, that the
time within which judicial review must be sought is governed by
section 1094.6. But the notice added a confusing sentence that is
not in the statute, that "[t]he decision will become final 90 days
from the date it is placed in the mail."

In *Donnellan,* the court held an unverified cover letter did
not meet the statutory requirement that the mailing include a
copy of an affidavit or certificate of mailing. Consequently, the
plaintiff's writ petition, filed more than 90 days after the date on
the cover letter, was not time-barred. (*Donnellan, supra,*
86 Cal.App.4th at pp. 1099, 1107.) The *Donnellan* court reasoned
the statute requires a verified statement of the date on which a
decision is mailed so that there is no doubt whatever about when
the decision becomes final. (*Id.* at p. 1105 [Legislature enacted
section 1094.6, subdivision (b) "to ensure that the party seeking
the writ had notice of the effective date the agency's decision
became final, the date triggering the 90-day limitations period"].)
*Donnellan* and other cases explain that section 1094.6 shortened
the applicable limitations period from three or four years to

90 days, and legislative history materials note that since section 1094.6 adopted a much shorter limitations period, " 'it was crucial that the party have proper notice.' " (*Donnellan,* at p. 1105, quoting *Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 829.)

Here, the Department's notice created considerable doubt about when its decision became final. The Department concedes its notice confused plaintiff but contends plaintiff's confusion over the language in the notice—the sentence stating that "[t]he decision will become final 90 days from the date it is placed in the mail"—could not change plaintiff's obligation to follow the time limits in the statute. The Department asserts that the just-quoted sentence, when read together with the rest of the notice, could only be reasonably understood to mean that plaintiff could not file a writ if he waited more than 90 days from the date of the mailing of the decision.

We disagree. The notice could be reasonably understood the way the Department construes it, but it also could be reasonably understood to mean the decision was not final until 90 days after it was placed in the mail. The notice tells plaintiff that section 1094.6 "requires you file any petition . . . no later than the 90th day on which the decision is deemed final," and that sentence is followed immediately by the sentence telling plaintiff the decision "will become final 90 days from the date it is placed in the mail." We are not surprised that plaintiff misunderstood these words, and we do not think it is permissible to fault plaintiff for the Department's lack of clarity.

In short, agencies like the Department must comply with statutory requirements. One of those is that, "[i]n making a final decision," the agency is to provide notice that the time for seeking judicial review is governed by section l094.6. (§ 1094.6, subd. (f).) An agency must not add confusing information to the required

5

notice that could mislead affected parties about the timing for seeking judicial review.  That is what happened here.

The Department's notice made it reasonable for plaintiff to believe its decision would not become final until 90 days after it was mailed, and under that scenario, his petition would have been timely.  Given the statutory goal of eliminating any doubt as to the date a decision is final (*Donnellan, supra,* 86 Cal.App.4th at p. 1105), we cannot countenance the Department's creation of ambiguity on that very point.  The Department's notice did not comply with the statute, and so the statute of limitation did not bar plaintiff's petition.

## DISPOSITION

The judgment is reversed.  Plaintiff shall recover costs of appeal.


GRIMES, Acting P. J.


WE CONCUR:


STRATTON, J.


WILEY, J.

6