[No. A037811. First Dist., Div. Three. Oct. 23, 1987.]

COUNTY OF ALAMEDA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
RACHEL R. et al., Minors, etc., Real Parties in Interest.

**COUNSEL**

Bowles & Verna, Richard T. Bowles, Richard A. Engo and W. Eric Blumhardt for Petitioner.

No appearance for Respondent.

York, Buresh & Kaplan, Steve K. Austin, Starnes & Drapiewski and Jennifer A. Becker for Real Parties in Interest.

**OPINION**

**MERRILL, J.**—Petitioner challenges the overruling of its demurrer to an action for negligence in screening for adoptive parents. Petitioner contends that real parties' claim against the county was late and that the statute of limitations for the lawsuit has expired. We conclude that the court erred in overruling the demurrer because plaintiffs failed to plead facts showing that the statute of limitations had been met.

In a complaint filed August 27, 1984, real parties Rachel and Toni R. (twins) alleged that their adoptive father, Joseph R., sexually abused and commercially and sexually exploited them from the time they were seven years of age until they were fifteen years of age. The complaint named as defendants both Joseph R. and the Regents of the University of California, the latter for its role as employer of Joseph R. and owner of the premises upon which some of the actions took place. On June 6, 1986, real parties filed a second amended complaint substituting petitioner, the County of Alameda, for a Doe defendant, and asserting negligence by the county in facilitating, allowing, and recommending the adoption by Joseph R.

The third amended complaint, to which petitioner's demurrer was addressed, does not state when the complained of conduct took place, except that it began shortly after Joseph R. obtained custody over real parties and that it continued until real parties were able to free themselves from the custody and control of Joseph R. It asserts that real parties filed their claims against the county on June 6, 1986.

The County of Alameda demurred to the third amended complaint, asserting failure to file a claim within 100 days after the cause of action accrued. The demurrer pieced together information from the original and third amended complaint and asserted that real parties had admitted that the sexual abuse ended December 31, 1980. It argued that the cause of action against the county accrued December 31, 1980, at the latest, and that the claim against the county should have been filed on or before April 10, 1981. It further argued that the latest date for filing an application for leave to file a late claim was December 31, 1981. Finally, it contended that the statute of limitations for real parties' injuries also expired on December 31, 1981, at the latest.

Real parties' response asserted the county's failure to comply with Government Code section 911.3, which requires a notification to the claimant regarding acceptance or rejection of the claim. It argued that the statute of limitations had not expired because the cause of action did not accrue until real parties discovered the negligent acts of the county. After hearing, the court overruled the demurrer. This petition followed.

Government Code section 911.2, which governs suits against public entities, provides in part: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. . . ." Government Code section 911.4 states that when a claim is not presented within the 100 days allotted, the claimant may present a written application to the public entity for leave to present such claim. Such application shall be presented "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (Gov. Code, § 911.4.)

If a claim is filed, the board must act upon it within 45 days of its presentation, or it is deemed rejected. (Gov. Code, § 912.4.) If the claim is rejected by action or inaction, written notice must be given, warning the claimant of the six-month period for filing a court action. (Gov. Code, § 913.) If the claim is presented outside of the 100-day limit and no application for leave to file a claim is presented, the board may "at any time within

45 days after the claim is presented, give written notice to the person presenting the claim that the claim was not filed timely and that it is being returned without further action." (Gov. Code, § 911.3, subd. (a).) "Any defense as to the time limit for presenting a claim . . . is waived by failure to give the notice . . . within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." (Gov. Code, § 911.3, subd. (b).)

With certain exceptions not pertinent here, "any suit brought against a public entity on a cause of action for which a claim is required to be presented" must be commenced: "(1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail. [¶] (2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. . . ." (Gov. Code, § 945.6, subd. (a).)

Critical to this statutory scheme is determination of when the cause of action accrues. Not only must the claim be submitted within 100 days of that date, but in addition, any application for leave to file a late claim must be submitted within a reasonable time not to exceed one year from the accrual date. If the public entity does not give notice of rejection and warning about the six-month period for filing suit, the action still must be filed within two years of accrual of the cause of action.

The parties to this proceeding dispute the accrual date. Real parties contend that the cause of action did not accrue until they discovered the county's conduct in the adoption proceedings. Petitioner argues that the cause of action accrued during the wrongful conduct by Joseph R., which ended December 31, 1980.

This dispute, although interesting, lacks a firm grounding in the complaint. ■ Where a complaint shows on its face that the cause of action is apparently barred, plaintiff must plead facts showing a ground for suspension, delayed accrual, or application of another theory for avoidance of the statute. (See 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 877-881, pp. 319-323.) Real parties have admitted in the original complaint that the sexual abuse ended December 31, 1980. They are obligated to assert facts to show compliance with the statute of limitations based upon later accrual of the cause of action. (See 5 Witkin, op. cit. supra, Pleading, §§ 412, 896, pp. 459, 337.)

In the court below, petitioner noted real parties' failure to plead facts entitling them to rely upon the delayed discovery ground for late accrual of

the cause of action and suggested that at the very least the court should sustain the demurrer with leave to amend to state when real parties first discovered the basis of their cause of action. We agree. The court erred in overruling the demurrer where on its face the complaint appeared to have been filed well after expiration of the statute of limitations.

Real parties contend that they are somehow excused from the requirement of pleading facts which show they have met the statute of limitations. They assert that they did not allege delayed discovery facts because of the effect of section 911.3. They say that where the county fails to give required notice of untimeliness, it waives the defense of untimeliness. Therefore, there is no need for real parties to plead facts showing that the claim was timely. "Sending the complaint back to the trial court will not accomplish any substantial justice. Delayed discovery allegations will be useless because Defendant COUNTY, by its inaction, has waived its right to assert untimeliness as a defense."

Real parties are wrong. The county has not waived the statute of limitations. Government Code section 911.3 concerns waiver of the defense of untimeliness of the claim, not waiver of the defense of the statute of limitations. Government Code section 945.6 provides that in a suit brought against a public entity on a cause of action for which a claim is required to be presented, the suit must be commenced either six months after notice of rejection of the claim or, if written notice is not given, "within two years from the accrual of the cause of action." (*Id.,* subd. (a)(2).) Real parties have not alleged facts which could show that they commenced their suit within two years of accrual of the cause of action.

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order overruling petitioner's demurrer and to enter a new order sustaining the demurrer with leave to amend.

White, P. J., and Barry-Deal, J., concurred.