[No. A106280. First Dist., Div. Four. Nov. 17, 2004.]

LILLIAN LIANG, Plaintiff and Appellant, v.
SAN FRANCISCO RESIDENTIAL RENT STABILIZATION AND
ARBITRATION BOARD, Defendant and Respondent.

**COUNSEL**

Lillian Liang, in pro. per., for Plaintiff and Appellant.

Dennis J. Herrera, City Attorney, and Wayne Snodgrass, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**KAY, P. J.**—In November of 2000, Lillian Liang began renting an apartment for $750 per month. In April of 2002 Liang petitioned under San Francisco's rent control ordinance to have her rent halved on account of habitability problems. Her petition was denied by an administrative law judge. Liang appealed to the San Francisco Residential Rent Stabilization and Arbitration Board (Board). On November 7, 2002, Liang was advised by mailed notice that the Board had denied her appeal on October 29 and that she had "90 calendar days of the date of mailing this notice" to seek judicial review. Having exhausted her administrative remedies under the ordinance, Liang filed a one-page "Petition for Judicial Review (Code Civ. Proc. 1094.6(f))" on February 6, 2003—91 days later. The sole defendant named in the petition was the Board. Liang subsequently filed an amended petition of 21 pages, to which numerous exhibits were attached. In her amended petition Liang asked for a writ of mandate "reversing" the Board's decision on her appeal, together with "An independent judgment, grant[ing] the rent reduction petition," retroactive to September of 2001, in amounts ranging from 20 to 90 percent.

The Board filed a general demurrer on two grounds: (1) the petition was untimely because it was filed one day after expiration of the 90-day period specified by Code of Civil Procedure section 1094.6 within which judicial review of the Board's decision had to be commenced, and (2) Liang had not joined her landlord, who was an indispensable party and who "cannot now be joined in this action, because the limitation period . . . has expired." The trial court sustained the demurrer on both grounds without leave to amend and entered an order dismissing the petition. After the trial court denied Liang's motion for reconsideration, Liang filed a timely notice of appeal from the order of dismissal and the order denying her motion for reconsideration. The first order is appealable (*Chauncey v. Niems* (1986) 182 Cal.App.3d 967, 971 [227 Cal.Rptr. 718]), the second is not (*Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242 [87 Cal.Rptr.2d 346]).

Both grounds of the Board's demurrer were sound and were correctly sustained by the trial court.

Code of Civil Procedure section 1094.6, subdivisions (a) and (b) specify that a petition for judicial review of "any decision of a local agency . . . or . . . board" must be filed within 90 days of the local agency's final determination. Subdivision (f) provides that "In making a final decision . . . the local agency shall provide notice to the party that the time within which judicial review must be sought . . . ." The Board qualifies as "a local agency . . . or . . . board" under section 1094.6. (E.g., *El Dorado Palm Springs, Ltd. v. Rent Review Com.* (1991) 230 Cal.App.3d 335 [281 Cal.Rptr. 327].)

The Board denied Liang's appeal on October 29, 2002. On November 7, Liang was mailed the notice advising her of the Board's denial of her appeal and that she had 90 days from that date—i.e., November 7—within which to seek judicial review. The 90-day period commenced from the date of the notice, not the date of the Board's decision. (See *Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1102 [103 Cal.Rptr.2d 882] and decisions cited.) Liang does not dispute that the notice was sufficient to start the 90-day period running, or that the 90 days expired on February 5, 2003, one day before her petition was accepted for filing. Liang insists in her brief that she did attempt to file her petition on the 90th day—February 5, 2003—but the clerk rejected it for filing because the petition did not comply with local rule requirements. As we recently discussed, a complaint is not filed if it is rejected by the clerk's office. (*Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 [8 Cal.Rptr.3d 1].) Liang cites no authority that the clerk's rejection of her first effort at filing her petition stops the running of the 90-day period. On the contrary, the established rule is that a trial court "has no jurisdiction to entertain section 1094.6 petitions unless they are filed on or before the 90th day after the local agency's decision." (*Tielsch v. City of*

*Anaheim* (1984) 160 Cal.App.3d 576, 579 [206 Cal.Rptr. 740].) Our research has discovered no authority relaxing the jurisdictional deadline.

Liang also invokes the rule that a demurrer accepts the truth of a complaint's factual allegations as shown on the face of the complaint. She does so in the apparent belief that because her initial petition does not establish either the fact or the date of the Board's notice of its final decision, the untimeliness of her petition is not conclusively demonstrated on the face of the petition. However, the notice of the Board's decision was attached to Liang's amended petition. The amended petition was to be read as including the notice. (E.g., *City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800 [107 Cal.Rptr.2d 710]; *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94 [234 Cal.Rptr. 178].) Because the untimeliness of Liang's petition was therefore established as a matter of law, the trial court correctly sustained the Board's demurrer on the ground that the filing period had expired.

In addition, Liang's failure to name her landlord as a party amounts to the omission of an indispensable party.

The statutory definition of an indispensable party is: "A person who is subject to service of process . . . shall be joined as a party in the action if . . . he claims an interest relating to the subject of the action . . . ." (Code Civ. Proc., § 389, subd. (a).) In a variety of contexts where administrative proceedings implicate a third person's property rights, courts have held: "The controlling test for determining whether a person is an indispensable party is, 'Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party . . . .' " (*Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 692 [49 Cal.Rptr.2d 847], quoting *Sierra Club, Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 501 [157 Cal.Rptr. 190]; see *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1188–1189 [255 Cal.Rptr. 434] [following *Sierra Club*].) Liang's landlord clearly meets the standard of an indispensable party. The subject of the proceedings before the administrative law judge and the Board was the amount of rent the landlord could collect from Liang. As shown in the prayer of her amended petition, Liang was also asking the trial court for what amounted to a rent rollback. Without question, the ability to collect the contractual rent qualifies as "an interest relating to the subject of the action" (Code Civ. Proc., § 389, subd. (a)), an interest that would be injured if Liang prevailed (*Save Our Bay, Inc. v. San Diego Unified Port Dist., supra,* at p. 692). As the trial court noted, and as we have repeatedly concluded in analogous contexts, because the petition was not timely filed, the absence of an indispensable party could not be corrected. (See *Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88

Cal.App.4th 564, 570–571 [106 Cal.Rptr.2d 14]; *Beresford Neighborhood Assn. v. City of San Mateo, supra*, at pp. 1189–1190.)

For each and both of these reasons, the trial court did not err in sustaining the Board's demurrer without granting leave to amend.

The purported appeal from the order denying the motion for reconsideration is dismissed. The order of dismissal is affirmed.

Reardon, J., and Sepulveda, J., concurred.