Filed 7/15/14  Wilson v. Douglas CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DEBORAH KAY WILSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>TOBY DOUGLAS et al.,<br><br>    Defendant and Respondent. | 2d Civil No. B253662<br>(Super. Ct. No. 56-2013-443432-CU-PT-VTA)<br>(Ventura County) |

Deborah Kay Wilson appeals a judgment dismissing her action against defendants Toby Douglas, the Director of the California Department of Health Care Services (DHCS), and Barry L. Zimmerman, the Director of the Ventura County Human Services Agency (HSA).  Wilson filed a superior court petition to challenge a DHCS administrative decision which ruled she was not eligible for Medi-Cal benefits.  (Welf. & Inst. Code, § 10962.)[1]  We conclude, among other things, that:  1) Wilson's petition was not filed within the one-year statute of limitations of section 10962; 2) that limitations period was not extended by Wilson's request for a rehearing; 3) section 10962's limitations period is not superseded by other statutory limitations provisions; and 4) DHCS gave proper notice of the limitations period consistent with section 10962.  We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

FACTS

On March 7, 2012, HSA notified Wilson that her Medi-Cal application was denied. Wilson requested an administrative hearing to challenge the denial.

On September 13, 2012, DHCS issued the DHCS director's final decision denying Wilson's claim on the ground that she was not eligible for benefits under "Medi-Cal program regulations." The decision contained the following advisement: "You may ask for judicial review of this decision by filing a petition in Superior Court under Code of Civil Procedure § 1094.5 within one year after you receive this decision."

Wilson filed a request for rehearing. On August 13, 2013, DHCS denied that request. The letter denying the rehearing contained the following advisement: "If you decide to seek judicial review, a petition must be filed in Superior Court within one year after the date you received the original final decision."

On October 15, 2013, Wilson filed a superior court petition. She alleged, among other things, that she sought "a writ of mandamus" to review and set aside the decision. She labeled the pleading as a petition filed pursuant to "California Welfare and Institutions Code 10962."

DHCS filed a demurrer contending, among other things, that "[t]he Petition is untimely pursuant to Welfare and Institutions Code section 10962 and therefore, this Court lacks jurisdiction over the subject matter."

Wilson responded by filing an opposition and a motion to strike the demurrer. In her motion to strike, she claimed the DHCS demurrer was not timely filed and that the trial court should enter a default judgment in her favor.

The trial court sustained the DHCS demurrer without leave to amend and denied Wilson's motion to strike. It entered a judgment dismissing her action.

DISCUSSION

*The Statute of Limitations*

After an administrative hearing, Medi-Cal applicants or recipients who want to challenge a DHCS decision regarding their benefits must file a petition for writ of administrative mandate as their "exclusive remedy" for judicial review. (*Green v. Obledo*

2

(1981) 29 Cal.3d 126, 143, fn. 12.)  The DHCS director "shall be the sole respondent in such proceedings."  (§ 10962.)

Wilson filed a petition in the superior court to challenge the DHCS decision denying her application for Medi-Cal benefits.  Section 10962 provides that such petitions must be filed "within one year after receiving notice" of the DHCS Director's final decision.  (§ 10962.)  Here the decision was mailed to Wilson.  Code of Civil Procedure section 1013, subdivision (a) provides that where service by mail occurs within this state, "any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document . . . shall be extended five calendar days."

In its demurrer, DHCS stated that Wilson's petition was untimely because: 1) the decision "was issued by the Department, and mailed on September 14, 2012"; 2) under "Code of Civil Procedure section 1013, subdivision (a), mail delivery within California is deemed to take, at most, *five calendar days*"; and 3) consequently, "she had up to and including September 19, 2013" to file the petition.  Her petition was not filed until October 15, 2013.

Wilson contends the trial court "applied the wrong standard and reached conclusions that are implausible" on timeliness at the hearing on the demurrer.  In the judgment, the trial court said it ruled against her based on "all documents before it" and "for the *reasons set forth by the Court at the January 6, 2014 hearing*."  (Italics added.)  But Wilson did not produce a reporter's transcript of that hearing, a settled statement (Cal. Rules of Court, rule 8.137), or an agreed statement (*id.*, rule 8.134).  An appellant must prepare a complete record on appeal.  (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.)  "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include" a reporter's transcript, an agreed statement or a settled statement.  (Cal. Rules of Court, rule 8.120(b).)  Where the record is incomplete, as here, we presume the trial court made the correct findings at the proceedings which are not in the record.  (*Null*, at p. 1532.)  Because the trial court ruled in favor of DHCS, we must presume it found from

3

"the documents before it" that DHCS's time calculations were correct and the filing deadline was September 19, 2013.

Wilson's petition was a mandamus review of an administrative decision. (*Green v. Obledo*, *supra*, 29 Cal.3d at p. 143, fn. 12.) The statute authorizing this review has a specific statute of limitations. (§ 10962.) "[A] proceeding for writ of mandate is barred if not commenced within the applicable limitation period." (*Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794.) "Where a complaint shows on its face that the cause of action is apparently barred, plaintiff must plead facts showing a ground for suspension, delayed accrual, or application of another theory for avoidance of the statute." (*County of Alameda v. Superior Court* (1987) 195 Cal.App.3d 1283, 1286.)

*Extension, Suspension or Tolling of the Statute of Limitations*

DHCS contends: 1) Wilson did not plead sufficient facts showing delayed accrual or suspension of the limitations period; and 2) Wilson's petition is largely comprised of conclusory statements, arguments and points and authorities in lieu of the required statement of facts. (Code Civ. Proc., § 425.10, subd. (a)(1); *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [courts may "not . . . assume the truth of contentions, deductions, or conclusions" in a pleading].) Wilson has not shown that these DHCS claims lack merit. Moreover, she did not allege sufficient facts to show anyone prevented her from timely filing or that she lacked notice of the time limits. The exhibits she attached to her petition contain DHCS advisements regarding the limitations period.

In her petition, Wilson made statements indicating it was not filed within time limits of section 10962 and Code of Civil Procedure section 1013, subdivision (a). She said, "Lateness, if any, is attributable to excusable neglect." In her opening brief, she states, "It is not disputed that petitioner filed within approximately one year and thirty five days of the DHCS decision appealed dated September 13, 2013." She notes, however, that in her petition she also said "[l]ateness" was excused and the time to file was extended because of "equitable tolling." Wilson alleged the time to file was extended "five days for mailing" under Code of Civil Procedure section 1013, "plus at

4

least sixty days" to be consistent with the procedure for "habeas corpus" petitions.  But this was not a habeas proceeding, and the additional 60 days she claims is not authorized under section 10962.

*Extension of the Limitations Period Because of a Rehearing Request*

Wilson contends her petition was timely under Code of Civil Procedure section 1094.6, which provides a 90-day period to file petitions to review government agency decisions.  She claims she filed within 90 days of the denial of her rehearing request.  But section 1094.6 applies to "local" agencies.  DHCS is a state agency.  Consequently, that section does not apply and, as will be seen, section 10962's limitations period does not run from the denial of her request for a rehearing.

Wilson argues the statute of limitations did not begin to run after receipt of the 2012 decision because:  1) the 2012 decision was not the final decision because she requested a rehearing, 2) the final decision was the ruling on her request for rehearing, and 3) her section 10962 petition is a review of the rehearing denial.

The 2012 decision "remains final pending a request for a rehearing." (§ 10960, subd. (d).)  "Only after a rehearing is granted is the decision no longer the final decision in the case."  (*Ibid.*)  Here there was no grant of a rehearing.  Consequently, the 2012 decision is the final decision.  (*Ibid.*)

Moreover, a mandamus review under section 10962 pertains to the 2012 "director's final decision," not the denial of a rehearing.  (§ 10962.)  Wilson labeled her petition as a review of the "denial of request for rehearing."  But in that pleading she said she filed the petition "to review the [DHCS] decision."  Consequently, her petition was a late challenge to the 2012 decision.  A party may not seek review of the rehearing denial in lieu of a timely petition to review the decision.  "[T]o hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." (*Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242.)

A request for rehearing does not extend the time to file the petition for another reason.  Section 10962's one-year time limit for reviewing the administrative

decision is jurisdictional.  (*Liang v. San Francisco Residential Rent Stabilization & Arbitration Bd.* (2004) 124 Cal.App.4th 775, 777-778; *Donnellan v. City of Novato* (2001) 86 Cal.App.4th 1097, 1103, *Tielsch v. City of Anaheim* (1984) 160 Cal.App.3d 576, 578-579.)  Section 10962 contains no provision for an extension of that period for rehearing requests or other reasons.

"'Statutes of limitation . . . prescribing definite periods of time within which actions may be brought . . . are, of necessity, adamant rather than flexible in nature.'" (*Chas. L. Harney, Inc. v. State* (1963) 217 Cal.App.2d 77, 91.)  "'When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period . . . .  [Citation.]  In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause . . . .'"  (*Sinetos v. Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1175-1176.)  Wilson points to some statutes that have shorter limitations periods (e.g., 90 days) and contain express extensions of that period for rehearing decisions.  But section 10962 is a different type of statute and it has a much longer limitations period.  "The Legislature chose not to provide for an extension of time in the statute now before us and we decline to import into the statute that which we must assume was purposely omitted."  (*Id.* at p. 1176.)

Moreover, a "rehearing request or decision" is not "a prerequisite to filing an action under Section 10962."  (§ 10960, subd. (e).)  But filing within one year is. Consequently, "[t]he fact that a party aggrieved by the order has filed a motion for reconsideration does not extend the time within which to file a petition for review." (*Jackson & Perkins Co. v. Agricultural Labor Relations Bd.* (1978) 77 Cal.App.3d 830, 834.)  Courts therefore have rejected claims that fixed mandatory limitations periods are tolled or suspended for rulings on reconsideration petitions.  (*United Farm Workers v. Agricultural Labor Relations Bd.* (1977) 74 Cal.App.3d 347, 350 [the contention that "the time period runs from the board's denial of a petition for reconsideration" has "no merit"].)

6

*Is Section 10962 Superseded By Other Statutory Limitations Provisions?*

Wilson claims the statute of limitations of section 10962 is superseded by a two-year statute of limitations in Government Code section 945.6. But that provision is not applicable. It involves a general limitations period for causes of action "for which a claim is required" where the public entity did not give proper notice. (Gov. Code, § 945.6, subd. (a).) Wilson cites limitation provisions in other code sections and contends they should be applied in place of section 10962. But none of the provisions she cites apply to mandamus reviews of DHCS decisions.

Here the right of review and the limitations period are contained in section 10962. This statute governs administrative mandamus reviews of DHCS decisions. "'A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.'" (*Committee for a Progressive Gilroy v. State Water Resources Control Bd.* (1987) 192 Cal.App.3d 847, 859.) "This rule applies to statutes of limitations and consequently a specific statute must take precedence over general statutes of limitation." (*Ibid.*) Applying other limitations periods for unrelated proceedings conflicts with the legislative intent to have an exclusive limitations period for section 10962 reviews. (*Ibid.*; *Walters v. County of Plumas* (1976) 61 Cal.App.3d 460, 469.)

*Was the Limitations Period Extended Because of Inadequate Notice?*

Wilson suggests the limitations period should be extended because DHCS gave confusing or inadequate notices regarding the time to initiate litigation. The time to file an action may be extended where the government entity gave erroneous advice that caused the late filing. (*City of Los Angeles v. Industrial Acc. Com. (Dillin)* (1965) 63 Cal.2d 255, 260.) But that is not the case here.

In the rehearing denial notice, DHCS said, "If you decide to seek judicial review, a petition must be filed in Superior Court *within one year after the date you received the original final decision*." (Italics added.) That is consistent with the notice Wilson received with the original 2012 decision that she must file her petition "within

7

one year after you receive this decision."  Consequently, these two advisements gave:  1) notice of the time limit to file the petition consistent with section 10962, and 2) notice that the period runs from the receipt of the original decision, not the denial of the rehearing request.

*Leave to Amend*

The trial court sustained the demurrer without leave to amend.  It may do so where there is no reasonable probability the result will change by amendment.  (*Buford v. State of California* (1980) 104 Cal.App.3d 811, 818.)  Wilson did not show how she could amend to allege she filed within the limitations period.  Leave to amend is properly denied where the petition is filed beyond a jurisdictional limitations period.  (*Liang v. San Francisco Residential Rent Stabilization & Arbitration Bd.*, *supra*, 124 Cal.App.4th at p. 779 [demurrer properly sustained without leave to amend where petition was one day late].)  "A plaintiff's mistake, not caused by the defendant, has never been permitted to excuse a late filing."  (*Sinetos v. Department of Motor Vehicles*, *supra*, 160 Cal.App.3d at p. 1177.)  Moreover, Wilson may not show an abuse of discretion given the absence of a proper record of the court's findings on this issue.  (Cal. Rules of Court, rule 8.120(b); *Null v. City of Los Angeles*, *supra*, 206 Cal.App.3d at p. 1532.)

In addition to the statute of limitations, DHCS raised nine other grounds in its demurrer.  The trial court sustained the demurrer and also granted DHCS's motion to strike her pleading.  That motion was also based on multiple grounds, including that she failed to state facts to support various claims.  In her opening brief, Wilson has not properly raised specific challenges to those demurrer and motion to strike grounds.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453.)  She consequently has not shown why the court could not sustain the demurrer and strike her pleading for reasons not raised in this appeal. (*American Drug Stores, Inc*., at p. 1453; *Warmington Old Town Associates v. Tustin Unified School Dist.* (2002) 101 Cal.App.4th 840, 864 ["we must affirm the decision" if it is "correct on any ground"].)

8

*Other Issues*

Wilson claims the trial court erred by not striking the DHCS demurrer. She suggests it should have granted her request for a default judgment against DHCS because the demurrer was untimely. DHCS contends these issues are waived because Wilson's opening brief does not comply with the requirements for raising issues and record citations under California Rules of Court, rule 8.204. DHCS is correct. But even on the merits, the result does not change.

Wilson appears to contend the trial court did not consider or did not properly address the issues involving her motion to strike at the January 6th hearing. But the absence of a record of that proceeding precludes consideration of a claim of error. (Cal. Rules of Court, rule 8.120(b).) Yet, even so, the minute order of the January 6th hearing reflects the court "received, read and considered all briefs and declarations filed in this cause" and took the matter under submission "with argument." Moreover, in prior minute orders, the court ruled on several of the issues upon which her motion to strike is based.

Wilson suggests the trial court arbitrarily refused to process her default applications. She claims she properly served the respondents with the petition and their defaults should have been entered. But the record does not support these claims.

A party seeking to enter a default must comply with the statutory service requirements and file a proper proof of service with the clerk. (*Pelayo v. J.J. Lee Management Co., Inc.* (2009) 174 Cal.App.4th 484, 495-497.) The trial court found Wilson did not meet these requirements. In a November 15, 2013, minute order, the court ruled, "The court can take no action on this Petition until the defendants have been properly served with the process." It notified Wilson that "[s]ervice by mail is insufficient unless it is accompanied by a Notice of Acknowledgment of Receipt as required by [Code of Civil Procedure] section 415.30 when service is made by mail." The statute provides that service is not complete until the acknowledgment of receipt "is returned to the sender." (Code Civ. Proc., § 415.30, subd. (c.) Wilson's opening brief

9

does not contain citations to the record to show how the trial court erred. (Cal. Rules of Court, rule 8.204(a)(1)(C).)

On November 22, 2013, the trial court notified Wilson that it could not process her application for default against DHCS because she did not "file proof of service of summons and complaint." It notified her that her request to enter default against the other respondent was "premature" because the HSA director had "30 days in which to respond to complaint." Wilson has not shown these rulings were incorrect. Moreover, the court later ruled the HSA director was not properly joined as a respondent in this case. Section 10962 provides that the State Director "shall be the sole respondent in such proceedings." (§ 10962.)

We have reviewed Wilson's remaining contentions, and we conclude she has not shown the trial court erred.

The judgment is affirmed. The parties shall bear their own costs on appeal. NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

Harry Walsh, Judge

Superior Court County of Ventura

_____

Deborah Kay Wilson, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Guiterrez, Senior Assistant Attorney General, Richard T. Waldow, Supervising Deputy Attorney General, Gregory M. Cribbs, Deputy Attorney General, for Plaintiff and Respondent Toby Douglas, as Director of the California Department of Health Care Services.

Leroy Smith, County Counsel, Robert N. Kwong, Assistant County Counsel, for Defendant and Respondent Barry L. Zimmerman.